Opinion of the Court,
bv Judge Owslev.
THIS case was formerly before this court, and the opinion then given, is contained in the reports of select cases by Littell, 606.
By adverting to that opinion, it will be discovered that an action of debt was brought by the present appellee against the appellant, upon a penal bill executed by the latter to the former, in the State of Virginia, and that after the demurrer which was put in by the appellant to the appellee’s declaration, was overruled by the court, an inquiry of damages was awarded, and one cent damages assessed by the jury. Upon this assessment of damages being had, judgment was rendered by the court against the appellant for the debt, and interest thereon after the rate of six per centum per annum, from the time it became payable until it' should be paid.
The cause was brought to this court, and as it was thought the rate of interest depended upon the laws of Virginia, where the contract was made, the judgment for interest was decided to be erroneous, and the cause *291 was remanded to the court below, with a mandate to that court to enter judgment in favor of the appellee for the debt, and the one cent damages assessed by the jury, without interest.
It is not comfn^or^court t0 do any act in contraven*he from the court of appeals.-
The cause went back to that court, and instead of entering judgment according to the mandate from this court, the former assessment of damages by the jury, was set aside on the application of the appellee, and new inquiry oi damages awarded.
A jury was accordingly again called, and damages to the amount of four hundred and eighty four dollars, were assessed by them ; and judgment was rendered for the appellee for the debt and damages so assessed, and costs.
From that judgment the appellant appealed.
The assignment of errors questions the correctness of the decision of the court below, in awarding a new enquiry of damages after the cause returned from this court.
In responding to this question, it is not necessary to enquire whether or not it would have been competent for the court below to award a new inquest, if no particular directions had been given by the mandate of this court; for the mandate which went from this court upon the reversal of the judgment, expressly, required of the court below to enter judgment for the debt, and the damages which had been previously assessed by the jury, and we suppose that under such a mandate, there was nothing left for the court to do, but to enter judgment in conformity thereto. As the error which was-ascertained to exist, consisted only in the judgment which the court below gave for interest, it would no doubt have been competent for this court to have rendered the judgment, which, by its mandate, the court below was directed to enter; but as, instead of doing so, the cause was remanded with directions to the court below to enter the judgment, it was incompetent for that court to do any act in contravention to the mandate from this court. A new inquiry of damages ought not,, therefore, to have been awarded.
The judgment must consequently be reversed with costs, the cause remanded to the court below, and a judgment there entered according to the former mandate of this court, for the debt, one cent in damages and costs.