*Margin note: Lynam, &c. vs Green, &c. missions of one party is not evidence against the other.*

---

## Lynam, &c. *vs* Green, &c.

### Appeal from the Garrard Circuit.

*Decretal sale.  Chancery practice.*

Chief Justice Marshall delivered the opinion of the Court.

There was no error in dismissing Mrs. Lynam's cross bill, and disregarding her claim. Whatever may be the extent of the interest in the money bequeathed to her in her father's will, whether absolute or conditional, for life or in fee, it is certainly not given as a separate estate, free from the control of her husband. No trust, therefore, arises in her favor on that ground, from the husband's having appropriated a part, or the whole of the money received by him under the will, to the purchase of the land in question. And even if this money were her separate property, held by her husband in trust for her, her assent clearly established to the purchase of the land as made, would preclude her obstructing the vendor's remedy for subjecting so much of it as might be necessary to the payment of the residue of the purchase money. If any part of the land, or its price, should remain after satisfying the vendor's claim, we perceive no reason why the husband may not

*Margin note: Chancery. Case 78. June 6. The wife consented to the purchase of land by her husband with money bequeathed to her—Held that, whether it had been to her separate use or nor, the land was still liable for a balance of the purchase money to vendor.*

LYNAM, &c.
*vs*
GREEN, &c.

if he will, secure it to his wife, but there is no ground in this record for compelling him to do so, and especially as he is no party to the cross bill of his wife.

A sale was decreed, the case taken to the court of appeals, and sale made, and report thereof made while the case was in the court of appeals, but no action taken thereon until the mandate of reversal entered in the circuit court, when the sale was set aside and sale bonds set aside—Held that the circuit court had then full power to set aside the sale, and having done so, all subsequent proceedings for conveyance under the sale was erroneous.

With regard to so much of the decree as relates to the coercion of the money for which the land had been sold, we are of opinion that the sale having been made, while the cause was formerly in this Court, and the report of sale accompanied by the sale bond having been returned but not acted on by the Circuit Court when the mandate of reversal was entered there, that Court had full power over the sale. And although the reversal did not necessarily defeat the sale, and this Court did not direct it to be set aside, yet as the Circuit Court in entering the mandate, ordered "that the decree heretofore rendered in this case, and the proceedings under it be set aside," the sale and sale bond were necessarily vacated. Whence it follows that the subsequent orders and decree for carrying that sale into effect by a conveyance of the land, and a coercion of the money on the sale bond were unauthorized and erroneous. The sale and bond having been set aside, there was in effect no sale to carry out, no bond to enforce, but the Court, on non-payment of the sums found to be due for the land, should have decreed a sale in the usual manner.

It has been already stated that the order setting aside the proceedings under the reversed decree, goes farther than the mandate of this Court, and it may be that it goes farther than was intended by the Circuit Court; or it may have been deemed necessary, in order to give full opportunity for the assertion and effectuation of the claim of Mrs. Lynam, who was by the mandate directed to be made a party; be this as it may, the order itself was never corrected, reversed or set aside. And as whether erroneous or not, it is clear and peremptory in its terms, and embraces the sale, which must in fact have been its peculiar object, since no other proceedings had been taken under the decree but the sale and report, it must have its effect of nullifying the sale. This conclusion renders it unnecessary to notice other objections taken to the enforcement of the sale bond, and the mode of doing it.

Wherefore, the decree, so far as it relates to Mrs. Lynam's claim and cross bill, is affirmed; but so far as it relates to the completion of the sale under the former decree, and the enforcement of the sale bond, the same is reversed, and the cause is remanded for further proceedings and decree in conformity with this opinion.

*Tarner* for the appellant.