## JAMES H. JOUETT, ET AL., v. W. C. OWENS.

**Husband and Wife—Husband's Debts.**

A husband may use the money derived by him from his wife in paying his own debts or in purchasing property for his own use, and where the wife consents to such acts she will be denied relief therefrom.

**Rights of a Wife.**

Where a husband has used his wife's money to buy real estate, equity may be resorted to by the wife to require the land to be conveyed to her, but as against the vendor to whom such money has been paid she is not entitled to relief.

### APPEAL FROM SCOTT CIRCUIT COURT.

January 7, 1880.

OPINION BY JUDGE PRYOR:

The testimony in this case conduces to show that the money paid to the appellee was the proceeds of the estate belonging to the married women, or was regarded by their husbands as belonging to them. When the land was purchased of the appellee they no doubt intended the investment for their wives, and when paid for, we see no reason why it cannot be secured to their use against any creditor of the husband of either. This, however, does not prevent the appel-

lee from enforcing his lien and subjecting the land to the payment of the unpaid purchase-money. The appellee may have known that the money paid him was the proceeds of the sale of the realty belonging to the feme coverts, or was money delivered by them to their husbands, to be applied as a payment on the land, and still the contract can be enforced, not as against the married women, but as against their husbands, whose competency to make the contract cannot be questioned. The fact that the contract was void as to the feme coverts will not authorize the chancellor to rescind it or decree that the appellee shall refund the money.

The feme coverts, having consented that the money should be applied to the payment of the debt of the husbands, and in fact having delivered it to them for that purpose or even paid it themselves to the appellee, on the idea that it was their contract, cannot now reclaim it. If the names of the feme coverts had not been affixed to the contract, and the husbands had received and paid to the purchaser this money, it cannot be maintained that they would have been entitled to recover, or that they could have asserted any legal or equitable claim against the appellee, for the reason that he knew it was their money. It was not a trust fund or held by the wives as their separate property so as to prevent their delivery of it to their husbands, or consenting that it should be used in the payment of their debts. If the contract had been with the wives alone, the chancellor would necessarily treat it as void, but when with the husbands the payment of the money by them, although they obtain it from their wives, is in discharge of their own obligation, and the fact that their wives' names are upon the paper as obligors cannot affect the appellee or render the entire contract void.

Considering the contract, therefore, as that of the husbands alone, and it can be regarded in no other light, being void as to the wives, it was a payment by their husbands. They had the right to convert it to their own use, and in this way it was delivered to the husbands and paid over at the wives' instance.

In the cases of *Lynam v. Green,* 9 B. Mon. 363, and *Faught v. Henry,* 13 Bush 471, the question raised in this case was directly settled, and we find no adjudication by this court looking to a contrary conclusion. That the husband may use the money derived by him from the wife in paying his own debts, or in purchasing real or personal property for his own use, cannot be doubted, and when by the consent of the wife, it presents stronger reasons for denying to

28

her any relief, and the fact that she was a party to the contract, cannot affect the determination of the question made. There is no judgment sought against the feme coverts, and the case as presented is: Can the husbands apply the money of the wives, derived from the proceeds of their own estates or otherwise, in purchasing property for themselves for their joint use? To this an affirmative response must be made, and particularly when the wives have assented to the payment of the money.

No fraud in obtaining the money is alleged or proven. The money, in fact, when the husbands obtained the possession of it, was theirs, and even if the entire payment had been made by the married women it would have been regarded by the chancellor as in discharge of their husbands' liability. The equity of the wives against the husbands could be maintained, and the land ordered to be conveyed to them, but as against the vendor of the land to whom the payment has been made the appellants are not entitled to relief.

The judgment is therefore *affirmed.*

*Geo. E. Prewitt, W. S. Darnaby,* for appellants.

*J. F. Askew, William Lindsay, A. Duvall, W. C. Owens,* for appellee.