CASE 66.—ACTION BY FRONIE PHILLIPS AND OTHERS AGANIST FRANK HUNT ·FOR PARTITION OF LAND.—January 29.

# Hunt v. Phillips' &c.

Appeal from Pike Circuit Court.

A. J. KIRK, Circuit Judge.

Judgment for plaintiffs. Defendant appeals.—Affirmed.

Appeal and Error—Reversal—Conclusiveness of Judgment.— Where, in partition, plaintiffs' petition presented every essential fact on which defendant could rest his claim to the land as tenant by the curtesy, and, on a demurrer thereto being overruled, defendant refused to plead further and elected to stand on the demurrer, whereupon judgment was entered for plaintiffs, defendant could not on return of the case after affirmance on appeal, set up by answer any other ground of defense; the judgment on appeal being res adjudicata.

J. S. CLINE for appellant.

### AUTHORITIES CITED.

Cyc. vol. 3, p. 399; Smith ·v. Bogenschultz, 14 Ky. Law Rep. 305; Ky. Opinions, vol. 2, p. 240.)

C. M. WHITT and· P. B. ·STRATTON for appellees.

### AUTHORITIES CITED.

Cairs v. Union Cent. Life Ins. Co., 93 S. W. 622; Mead, &c., v. Mead, 112 S. W. 862; Davis v. McCarkle, 14 Bush 746; Hardwick v. Young, 110 Ky. 504.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—
Affirming.

This action was instituted in the Pike county court
by the appellees, Fronie Phillips and Annie Justice,
children of the appellant, Frank Hunt, and his de-
ceased wife, Mary Hunt, to obtain a partition of a
tract of land lying on Wolf creek, in Pike county.
The land had been conveyed by deed from James Cox
and wife to W. H. Fields and Jane Fields, his wife,
jointly for life, with remainder to their daughter,
Mary Hunt, wife of the appellant, Frank Hunt, and
her heirs.  Mary Hunt died after the execution of the
above-mentioned deed, and her death was followed by
that of her father, W. H. Fields.  Upon the death of
the latter, his life estate in and to an undivided half
of the land, of course, terminated, and such half de-
scended under the statute to the children of the de-
ceased remainderman, Mary Hunt.  After the death
of W. H. Fields, his widow, Jane Fields, the other
joint life tenant, by a proper deed conveyed her life
estate in an undivided half of the land to the
children of her deceased daughter, Mary Hunt.  Thus
it will be seen that by the death of their mother and
grandfather and the deed from their grandmother,
Jane Fields, the children of Mary Hunt acquired an
absolute or fee-simple title to the entire tract of land.
The foregoing facts were duly set forth by the petition
in the suit for partition brought by the appellees
Fronie Phillips and Annie Justice in the county court,
and the appellant, Frank Hunt, Catherine Hunt and
Rosa Hunt, brother and sisters of appellees and joint
owners with them of the land to be divided, were
made defendants.  There was yet another child of

appellant and his deceased wife whose one-sixth interest in the land appellant had purchased, and this interest the petition conceded he was entitled to. The appellant, Frank Hunt, asserting claim to a life estate as tenant by the curtesy in the whole of the land, filed in the county court a demurrer to the petition, and obtained a transfer of the case to the Pike circuit court. After the case was transferred to the circuit court, appellees filed an amended petition, in which they set out the grounds upon which appellant based his claim of curtesy and appellees' grounds of resistance thereto. Upon a consideration by the circuit court of the questions of law raised by the demurrer to the petition as amended, the demurrer was overruled. Appellant excepted to the ruling of the court refused to plead further, and elected to stand upon his demurrer. The court thereupon entered judgment restricting appellant's interest in the land to a sixth and directing partition of the land among the parties entitled thereto as prayed in the petition. To this judgment appellant also excepted, and from it, as well as the order overruling his demurrer to the petition, he prosecuted an appeal to this court which resulted in an affirmance of the judgment of the circuit court. Hunt v. Phillips, etc., 105 S. W. 445, 32 Ky. Law Rep. 257. Upon the return of the case to the circuit court, and following the filing and entering therein of the mandate of this court, appellant tendered and offered to file in that court an answer and counter-claim, in which he again set up claim as tenant by the curtesy to the whole of the land owned by his children, and the further claim that he was entitled to it, because of his alleged actual and continuous possession thereof, adversely to his children and all others, for as much as 15 years previous to the

institution of the action for partition; the answer con-
cluding with a plea of the statute of limitations, and
a prayer that he be adjudged the owner of the land.
The circuit court refused to allow the answer and
counter-claim to be filed, and entered a judgment to
that effect, of which appellant complains, and in the
effort to reverse which he prosecutes this, the second,
appeal.

Manifestly the rejection of the answer and counter-
claim by the circuit court was proper. Every claim
of right to the land and ground of defense to appel-
lees' action it presented was raised by and decided
upon appellant's demurrer to the petition, except the
plea of the statute of limitations, which it is apparent
was an afterthought and without merit. The petition
as amended presented the necessary title papers and
every essential fact upon which appellant rests, or
can rest, his claim to the land as tenant by the cur-
tesy, and these facts were admitted by the demurrer.
The questions of law and fact involved were, there-
fore, clearly indicated and the issue so sharply de-
fined that both the circuit court and this court could
readily grasp and decide them with due regard to the
rights of all the parties. All this is shown by the
record of the former appeal, and which is before us,
and more especially by the following excerpt from the
opinion of this court then delivered: "Here, all the
facts being stated in the petition, the demurrer raised
the question as fully as an answer could have done.
A demurrer raises an issue of law. A defense to an
action may be presented by demurrer. Here, by the
demurrer, the right claimed in the petition was con-
tested. * * * Under the deed (from Cox and wife)
W. H. Fields and Jane Fields took the land for life
with remainder to Mary Hunt. When she died, the

remainder vested in her descended to her children. After W. H. Fields died and after Jane Fields conveyed her interest in the land to the children, they owned the fee. Mary Hunt at no time was seised of the land, as she died before the termination of the life estate; and her husband was not therefore entitled to curtesy in it. In 2 Blackstone, 127, the rule is thus stated: ''The seisin of the wife must be an actual seisin, or possession of his lands, not a bare right to possess, which is a seisin in law, but an actual possession, which is a seisin in deed. And therefore a man shall not be a tenant by the curtesy of a remainder or reversion.' * * *''

If appellant had any ground of defense or resistance to a partition of the land other than that raised by the demurrer, he should simply have excepted to the ruling of the court upon the demurrer, and then filed an answer setting up such additional ground of defense or avoidance, including a plea of the statute of limitations. And if, after thus proceeding, judgment had gone against him in the lower court, upon an appeal of the case he could have obtained a review by this court, not only of the judgment, but of all the rulings of the lower court to which exceptions were reserved by him. But, instead of taking this course, he staked all upon his demurrer to the petition, which properly raised for adjudication his claim of right to the land as tenant by the curtesy, but nothing more; and when, after excepting to the ruling of the court upon his demurrer, he appealed therefrom and from the judgment which followed, the only question presented to this court for review was as to the action of the lower court in overruling the demurrer. Having elected to stand on the demurrer, appellant must accept this court's affirmance of the act of the lower

court in overruling it, and is concluded by it. There-
fore he was estopped upon the return of the case to
the lower court to set up by answer any other ground
of defense, however available or meritorious it might
have been, if urged in the court below previous to the
first appeal.

The judgment of this court on the first appeal was
res judicata. Appellant could not present by piece-
meal his several grounds of defense to appellees'
action, or experiment upon the courts as attempted in
this case.

Wherefore the judgment is affirmed.