## Preece, et al. v. Woolford.

(Decided October 26, 1923.)

### Appeal from Pike Circuit Court.

1. Appeal and Error—Appellate Court Upon Reversal May Direct Character of Judgment to be Entered but Not Required to do so.—In equity actions, a reviewing or appellate court has inherent power upon a reversal of the judgment to direct the trial court what character of judgment to enter upon a return of the case; but there is no mandatory rule of practice imperatively requiring such directions to be given.

2. Appeal and Error—On Reversal, Reviewing Court May Direct Reception of Further Proof.—In an equity case, a reviewing court may direct further preparation upon a return of the case where the justice of the case seems to demand that a party be afforded an opportunity of adducing further proof.

3. Appeal and Error—Duty of Lower Court to Comply with Mandate. —It is the duty of the lower court on the remand of a cause to comply with the mandate of the appellate court, and to obey the directions therein.

4. Appeal and Error—Taking of Further Proof Held Not Inconsistent with Reviewing Court's Opinion or Mandate.—Where the reviewing court reversed a judgment granting specific performance, but declared that appellee was entitled to the relief if he had proved the fact of ability to perform, and the opinion and mandate neither ordered a final disposition of the case, nor directed further preparation, judgment being reversed for proceedings "consistent with the opinion," the taking of further proof of ability to perform was not inconsistent with the opinion or mandate, but within the sound discretion of the trial court.

5. Appeal and Error—Reversal Reinstates Case on Trial Docket.—A reversal of a judgment without directions reinstates the case on the trial docket in the same condition as if a final decree had not been pronounced.

STRATTON & STEPHENSON for appellants.

ROSCOE VANOVER for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The first judgment rendered in this equity action was reversed on appeal to this court in an opinion reported in 196 Ky. 710, wherein the nature of the case and its facts, with the judgment of the court thereon, are fully stated and will not be referred to on this hearing except to the extent that may be necessary for an understanding of this opinion.

Appellants are adult heirs of H. J. Preece, deceased, and jointly inherited from him, together with their two infant co-heirs, 350 acres of land in Pike county. The guardian for the infants, with the adult appellants, entered into a written agreement with J. M. Woolford and appellee here, E. S. Woolford, to sell to them the inherited tract of land on terms and conditions therein stated. This action was filed by the Preese heirs to cancel that contract upon certain grounds stated in the petition, which grounds the joint answer of appellee and his co-contractor, J. M. Woolford, controverted and by counterclaim sought specific performance of the contract. The court dismissed the petition seeking a cancellation of the contract except as to the two infant plaintiffs and decreed its specific performance as against the adult plaintiffs according to the prayer of the counterclaim contained in the answer. Plaintiffs appealed from that judgment and this court reversed it solely upon the ground that under the condition of the pleadings the burden was on the defendants seeking specific performance to prove their *ability* to perform the contract by paying the agreed consideration, and that no proof was introduced by them to sustain that burden, but the opinion recognized their right to the relief had that proof been made. It contains this language: "The burden of proof was on appellees to show their ability to perform, and, that not having been done, a judgment for a specific performance was unauthorized, . . . under the pleadings, the burden of proof was on appellees to show their ability to perform the contract. They failed to offer any evidence on that issue, and, on that ground, the judgment is reversed."

The mandate thereafter issued from this court, and subsequently filed in the court below, said: "It is therefore considered that said judgment be reversed, and cause remanded, for proceedings consistent with the opinion herein." After it was duly filed in the circuit court, plaintiffs amended their pleadings and alleged that since the first trial the defendant, J. M. Woolford, had sold his interest in the contract to them and asked for an abatement of the cause of action set up in the counterclaim to the extent of his interest. Following that, E. S. Woolford gave his deposition, wherein he conclusively proved his financial ability to perform the contract and to comply with all its obligations, and tendered and de-

posited with the commissioner of the court the amount
due under it for his proportionate part of the considera-
tion therein.  The court on the record as thus amended
decreed that he was entitled to a conveyance by the adult
plaintiffs of an undivided one-half of their respective in-
terests of the entire tract, and from that judgment they
prosecute this appeal and complain of it upon the *sole*
ground that the trial court was without authority to per-
mit additional proof, or to consider appellants' deposi-
tion, which contention sharply presents for our deter-
mination the proper rule of practice under the particular
facts and circumstances.

It is undoubtedly true, and so recognized by all courts
and text writers, that in equity actions a reviewing or ap-
pellate court has the inherent power, upon a reversal of
the judgment rendered by the trial court, to direct it what
character of judgment to enter upon a return of the case,
and that direction is usually contained in the *mandate*
issued from the appellate court rather than in the
*opinion* rendered, since the purpose of the mandate is to
notify the trial court of the determination of the cause
on appeal and, if necessary to effectuate the adjudica-
tions of the opinion, to direct the procedure upon a re-
turn of the case.   4 Corpus Juris, 1208 and 1210; Miller's
Appellate Practice (Ky.), page 203, and Elliott on Ap-
pellate Procedure, section 576, page 489; and such direc-
tion is most usually given upon such reversal, especially
so if the case is prepared below and submitted upon the
prepared record for final judgment.   But we know of no
mandatory rule of practice imperatively requiring such
directions to be given.   It is also a recognized and fol-
lowed rule of appellate practice to direct in the reversing
opinion further preparation upon a return of the case
"where the justice of the case seems to demand that a
party be afforded an opportunity of adducing further
proof" (Corpus Juris, *supra*, 1200), and this court has
recognized that rule in a number of cases, some of which
are Pond Creek Coal Co. v. Day, 187 Ky. 820; Botts v.
Botts, 108 Ky. 414, 56 S. W. (Ky.) 961; Young v. Cum-
berland County v. Ed. Society, 183 Ky. 625, and O'Bryan
v. O'Bryan, 183 Ky. 766.

But we have here neither of the classes of cases to
which we have referred, since the opinion on the former
appeal of this case did not direct the trial court the char-
acter of judgment to be rendered on a return of the case,

nor did it direct the taking of additional proof or any other preparatory action. It neither ordered a final disposition of the cause nor directed further preparation, so that, the exact question is, what is the correct practice when the opinion merely reverses the judgment without any directions and notifies the trial court through its mandate that the judgment was reversed "for proceedings consistent with the opinion." In determining that question we should first ascertain whether the taking of appellee's deposition upon a return of the case was inconsistent with the opinion, for if it was the trial court had no authority to consider it or to be governed by anything it contained, since "it is the duty of the lower court, on the remand of the cause, to comply with the mandate of the appellate court and to obey the directions therein." 4 Corpus Juris, 1221; Francis v. Ramsey, 16 Ky. L. R. 870; Scott v. Scott, 9 Bush 174, and Holley v. Holley, 5 Litt. 290.

We are, however, convinced that the taking by appellee, and the hearing of the deposition in question by the trial court on the second hearing, was not inconsistent with either our former opinion or the mandate that issued thereon. The opinion recognized, and so declared the law to be, that appellee was entitled to the relief he sought if it had proven the single omitted but prerequisite fact, which, by neglect or oversight, he had failed to do upon the first hearing. The entire record showed his cause to be a just one, and that the merits of the case were with him and entitled him to a judgment if the unproven but essential fact was true. Under such circumstances this court would have violated no precedent nor antagonized any rule of practice if it had expressly directed the proof to be taken on that issue, but not having done so, nor expressly directed the character of judgment to be rendered, it was within the sound discretion of the trial court to allow it to be done, and there is nothing contained in the cases of Hunt v. Phillips, 131 Ky. 656; Kennedy's Heirs v. Meredith, 4 Mon. 412, and relied on by appellants' counsel, holding to the contrary.

Substantiating our position is the text of Elliott's Appellate Practice, *supra,* section 577, where the learned author says: "It may be said, in a general way, that when it (mandate) expressly directs that a controversy shall be terminated by a specific decree or judgment, its effect is conclusive and covers the entire case, but where it does not either expressly or impliedly so direct the lower court

as to prohibit amendments or the introduction of new parties, that court may permit proper amendments and the introduction of new parties." While in the excerpt it is not said that the lower court in the absence of specific directions might, at the second trial, permit the introduction and hearing of proof not heard on the first trial, yet if it could allow the filing of amendments, under the circumstances, it would necessarily follow that it would be equally permissible to allow proof to sustain the amendments, otherwise their filing would be useless if an issue was raised thereon. See also Corpus Juris, *supra*, 1220, where the text says: "Generally, on the remand of a cause, the trial court may make any order or direction in its further progress that is not inconsistent with the decision and directions of the appellate court, and this rule is especially applicable where the mandate recognizes a certain discretion in the lower court. A very similar rule is the one that the trial court may consider and decide any matters left open by the mandate of the appellate court. The trial court may take such action, not inconsistent with the decision of the appellate court, as in its judgment law and justice require, where the case has been remanded generally without directions, or for further proceedings in accordance, or not inconsistent, with the opinion." Supporting the text are the Kentucky cases of Lyman v. Green, 9 B. Mon. 363; Logan v. McNitt, Litt. Sel. Cas. 119; Farris v. Farris, 16 Ky. L. R. 729; Rohmeiser v. Bannon, 15 Ky. L. R. 518; Avery v. Meikle, 5 Ky. L. R. 518, and Ripley v. Wiley, 3 Dana 75. In the last cited case the opinion, written by Judge Robertson, on the point under consideration said: "But we think that by the reversal of the decree, and the redocketing of the suit for further proceedings, the cause was placed in the same condition as if a final decree had not been pronounced, and the court revested with the same power over its previous proceedings."

As showing that our conclusion is the logical one where the opinion reversing the judgment is silent, followed by the directions in the mandate as here shown, we have but to remember that a reversal of the judgment without directions reinstates the case on the trial docket, as said by Judge Robertson, "in the same condition as if a final decree had not been pronounced, and the court revested with the same power over its previous proceedings." In other words, the case occupies the same

status, when so reversed by this court and redocketed below, that it would occupy if the trial court had itself set aside its first judgment before appeal taken, which it could do during the term at which it was rendered. If that had been done, we presume no one would question its power and authority to permit additional proof to be taken, especially so when the ends of justice required it. If it could pursue such a course after voluntary action on its part in setting aside the judgment, it would logically follow that it could do so if its judgment was set aside by the appellate court, but with no specific directions. Indeed, it would appear that such discretionary power is expressly conferred upon the trial court by subsection 2 of section 761 of the Civil Code of Practice.

We would not be understood as approving a course of practice that would permit the trial court to reopen a case for the reception of cumulative evidence after the reversal of the judgment rendered upon a full hearing of the merits upon full proof taken by both sides and a due submission made; but under the circumstances of this case we are not prepared to say that the trial court abused its discretionary authority in permitting the appellee's deposition to be read on the second hearing, and since it supplied the omission for which the first judgment was reversed, and eliminated the only error committed on that hearing, the court properly adjudged appellee, on the last hearing, the relief he sought.

Judgment affirmed.