**STEPHENSON v. BURTON.**

Court of Appeals of Kentucky.

Oct. 19, 1951.

As Modified on Denial of Rehearing
March 28, 1952.

H. K. Spear, Somerset, for appellant.

H. C. Kennedy, Fritz Krueger, Somerset, for appellee.

STEWART, Justice.

Appellee, John L. Burton, filed a petition ex parte in the Pulaski County Court to close a strip of road approximately .60 poles in length, extending along the east side of his land and adjoining the farm of appellant, Jesse Stephenson, on the west. Appellee asked in his pleading that the road for its entire distance to the south of, but not in front of, appellant's residence, which faces on the same, be discontinued. If the road is closed, appellant would have left only a northern passway to gain access to an improved state highway and to the outside world. This proceeding was instituted in county court under KRS 178.070. In conformity with this statute the county judge appointed two viewers who, together with the county road engineer, went to the road, inspected it and reported back to the court in writing that it should be kept open. Upon the basis of the report of the viewers, the county court dismissed appellee's petition. On appeal to the Pulaski Circuit Court, after a trial without the intervention of a jury, the road was ordered closed and Stephenson appeals from this ruling adversely to him.

The lower court based its decision upon the following recital set forth in the judgment: "This cause this day again came on for final decision by the court, and the Judge of this court having personal knowledge of the history of the piece of road sought to be closed, due to the fact that when this court was county judge several years ago a portion of the road known as the Mill Springs Road became impassible, and this court, together with Squire Dudley Pyle, who was then a member of the Pulaski Fiscal Court, arranged with the petitioner, John L. Burton, to permit travel over on to the lands of the petitioner to avoid the impassible portion of the Mill Springs Road, and the court, together with Squire Dudley Pyle, then agreed with petitioner Burton that the arrangement was temporary and when other arrangements could be made for suitable travel by the general public, the piece of road now sought to be removed should go back to the petitioner, John L. Burton, and that since said time Highway No. 235 has been constructed and furnishes ample traveling facilities for all the people living in said community with ingress and egress; this court now having personal knowledge of the fact that said piece of road sought to be closed by the petitioner no longer serves any useful or valid purpose in the community, is now of the opinion that the agreement made by the judge of this court, then county judge of Pulaski County, and Squire Dudley Pyle, should be kept and faithfully adhered to, and due to the personal knowledge of the judge of this court, and after having heard the evidence offered by each of the parties, and being advised, the court is of the opinion that the petitioner is entitled to the relief sought; * * *"

The circuit judge did not take the stand as a witness and testify under oath concerning the transactions set forth in the judgment. No other witness, not even appellee himself, gave testimony at the trial remotely resembling the events detailed in, and advanced as the reason for, the circuit court's decision. On the contrary, it was definitely established by proof that the particular passway in controversy, some 20 or more years ago, traversed a different route but that appellant went to the county court and had the part he now seeks to close relocated on its present course. To sum up, the judgment is founded on evidence, if it can be characterized as such, which was never adduced in court during the trial.

49 C.J.S., Judgments, § 44, page 103, states the rule of law we think applicable

to this case: "While exceptions may occur in respect of judgments by confession or consent, or those entered on admissions 'or default, * * * as a general rule the evidence must sustain the judgment, proof being as essential to the support of a judgment as pleading. The evidence must be of a substantial character, sufficient to support the judgment rendered. The judgment must be founded on sufficient facts legally ascertained, and cannot rest on evidence of an incompetent character, or which was never adduced in court, such as matters not put in evidence of which the court took judicial notice. A judgment may not rest on conjecture and speculation or on mere surmise or suspicion, nor may a judgment find support in assumptions or in possibilities or probabilities falling short of actual proof."

It follows that, since the judgment here is based upon alleged transactions that were never proven at the trial of this proceeding but is obviously founded upon the private opinion and personal knowledge of the trial judge, it is erroneous.

The question arises whether we should decide the case or remand it. Ordinarily, in equity cases we read the record for ourselves. If we reach the same conclusion as the chancellor, we affirm the judgment even though it seems to us he followed the wrong route to reach that destination or did so for erroneous reasons. Keesee v. Smith, 289 Ky. 609, 159 S.W.2d 56. If we reach a different conclusion, we reverse the judgment with directions to enter another in accordance with our findings. Schumann v. Crook, 300 Ky. 352, 188 S.W.2d 494. But the exigencies or circumstances sometimes require that a case be remanded for further proceedings, as where it is not ripe for final disposition or issues have not been fully litigated or passed on below or for any other cause which the court in its discretion deems the ends of justice to demand. Connecticut Fire Ins. Co. v. Union Mercantile Co., 161 Ky. 718, 171 S.W. 407; Barth v. Fidelity & Columbia Trust Co., 188 Ky. 788, 224 S.W. 351; Preece v. Woolford, 200 Ky. 604, 255 S.W. 285; Knox County v. Lewis' Adm'r, 260 Ky. 254, 84 S.W.2d 25; Stephens v. Kidd, 298 Ky. 38, 181 S.W.2d 688. This is an appellate rule of general application. 5 C.J.S., Appeal and Error, §§ 1836, 1934, 1942. Decisions by disqualified judges have been ignored and judgments reversed that new trials may be given by different judges. Summers v. Kramer, 271 Pa. 189, 114 A. 525; Washakie Livestock Loan Co. v. Meigh, 47 Wyo. 161, 33 P.2d 922. That was done by us in Dotson v. Burchett, 301 Ky. 28, 190 S.W.2d 697, 162 A.L.R. 636, where we reversed a judgment in an equity case and remanded it for trial by another judge.

 The propriety of a judgment in equity is dependent upon the evidence heard and not what the court may have learned or known outside the record. Wacker v. Wacker, 279 Ky. 19, 129 S.W.2d 1043. To decide this case upon the evidence would be to assume original jurisdiction. There would be a trial de novo by a court of appellate jurisdiction only, even though we should reach the same conclusion as the trial court upon his own knowledge de hors the record. Moreover, it is the familiar rule that upon a review of the record great weight is given the findings of fact by the trial court, and if we have a doubt, it will be resolved in favor of the judgment. Hence, the appellant comes here with that disadvantage which may prove to be determinative.

The judgment is reversed for a new trial consistent with this opinion.