**STEPHENSON v. BURTON.**

Court of Appeals of Kentucky.

Jan. 29, 1954.

.H. K. Spear, J. S. Sandusky, Somerset, for appellant.

Fritz Krueger, Somerset, for appellee.

CAMMACK, Justice.

The appellee, John L. Burton, filed an ex parte petition in the Pulaski County Court to close a strip of road approximately 60 poles in length between his farm and that of the appellant, Jesse Stephenson. The county judge dismissed the petition. Burton appealed to the Pulaski Circuit Court and was granted the relief sought. Stephenson appealed to this Court and we reversed the judgment in the case of Stephenson v. Burton, Ky., 246 S.W.2d 999, because of the manner in which the trial was conducted and directed that a new trial be had.

The Honorable Lilburn Phelps sat as special judge on the second trial. He decided the case in Burton's favor. The regular judge, Honorable R. C. Tartar, was a witness for Burton. His testimony showed that the road in dispute had been laid out while he was county judge, and with Burton's permission. At that time the land over which the road ran belonged to Burton's children, but it was under his charge.

On this appeal counsel for Stephenson contends that Judge Tartar's testimony was incompetent, and that the judgment is contrary to both the law and the evidence. Judge Tartar's testimony is objected to because Burton did not own the land when the road was laid out in 1925. We fail to see how this would make his testimony incompetent. As we have noted, Burton was in charge of the land at that time and Judge Tartar was merely testifying as to the conditions under which the road was opened. We find no basis for the contention that the judgment is contrary to the law and the evidence. Judge Phelps reviewed the facts and circumstances pertaining to the disputed roadway in his opinion, and it amply supports the judgment.

Judgment affirmed.