James F. GORDON, Commissioner of Business Regulation of the Commonwealth of Kentucky, et al., Appellants,

v.

Joe MARSHALL et al., d/b/a Bowling Green Wrestling Club, Appellees.

Court of Appeals of Kentucky.

Dec. 13, 1957.

Jo M. Ferguson, Atty. Gen., J. Gardner Ashcraft, Asst. Atty. Gen., Robert E. Hatton, Louisville, for appellants.

Thomas F. Marshall, Frankfort, for appellees.

CULLEN, Commissioner.

The judgment below directed the defendant-appellant Commissioner of Business Regulation to renew, for the license year beginning October 27, 1956, and ending October 26, 1957, a license to conduct boxing and wrestling exhibitions held by the plaintiffs-appellees, Joe and Kenneth Marshall. The judgment further held invalid an order of the defendant-appellant Bernard J. Bax, over his signature as "Director, State Athletic Board of Control," denying application for renewal of the license, and enjoined Bax and the Commissioner of Business Regulation from interfering with the Marshalls in the lawful conduct of their business of promoting and conducting boxing and wrestling exhibitions.

After the judgment was entered, and after notice of appeal had been filed, the Commissioner of Business Regulation issued the renewal license. It appears from the record and the briefs that the reason for refusing renewal of the license in the first instance was the failure of the Marshalls to verify their application and to file a bond for taxes, and that these requirements were met when the license ultimately was renewed.

The appellants do not complain of the substantive relief obtained by the Marshalls, and in fact it would be vain for them to do so, since the license year in question has now expired. They appeal, so they say, "to correct the errors of procedure and to correct the findings of fact and conclusions of law and judgment."

It does appear that the restraining order was to some extent deficient in form, and that the court acted improperly in entering judgment on the merits after a hearing on motion for a temporary injunction, without giving the defendants the opportunity to file an answer. However, to reverse the judgment on these grounds would accomplish nothing, and any discussion of whether the errors warranted reversal would be purely academic, because the only substantive issue in the case has become moot.

The appellants complain of the conclusion of law of the lower court that the "State Athletic Board of Control" and the

922

"Director of the State Athletic Board of Control" have no legal existence as such. It appears that Bax and his predecessor attempted to perform official functions under those names, whereas in fact the state agency established to regulate boxing and wrestling, by executive orders in pursuance of statutory authorization, is a "Division" of the Department of Business Regulation, properly styled the "Division of Athletic Control" and headed by a "Director of the Division of Athletic Control." We assume that future functions will be performed under the correct names. The conclusion of law complained of does not deny the existence of the "Division of Athletic Control," and there is nothing in the final judgment to impede proper functioning of that division. Again we have only a moot question.

The appeal is dismissed.