**CITY OF LEXINGTON, a Municipal Corporation, Appellant,**

v.

**James H. GARNER et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 6, 1959.

Stoll, Keenon & Park, John L. Davis, Lexington, for appellant.

Frank Ginocchio, Wheeler B. Boone, Lexington, for appellees.

STANLEY, Commissioner.

The appeal is a sequel to Garner v. City of Lexington, Ky., 306 S.W.2d 305, in which we held that the city was without power to adopt ordinances (Nos. 3551 and 3559) proposing to annex a small area while suit was pending in the circuit court contesting the validity of a previous ordinance (No. 3407) proposing to annex a large territory of which the smaller was a part. We reversed a judgment that the city had such power and directed a judgment consistent with our opinion.

The opinion was rendered October 25, 1957. Six days thereafter the city repealed ordinances Nos. 3551 and 3559,

The day after the filing of our mandate, which issued November 26, 1957, the remonstrating property holders tendered a judgment conforming to the opinion and the mandate of this court. The city then moved to dismiss the case because it had become moot, since the ordinances had been repealed. The circuit court ruled that he had no discretion in the matter and must enter judgment pursuant to the mandate, which was done. The effect was to adjudge the later ordinances invalid and to leave undetermined the suit contesting the original ordinance, No. 3407. The question, therefore, is whether repealing an ordinance after this court had rendered an opinion that it was invalid, but before it became final, could deprive the circuit court of jurisdiction to enter the judgment directed.

Until the mandate issues, a case remains under the jurisdiction of this court. RCA 1.340; Chesapeake & O. Railway Co. v. Kelly's Adm'x., 161 Ky. 660, 171 S.W. 182. Where it is made manifest during the pendency of the appeal that an event occurred since the judgment that makes a determination of the appeal unnecessary or shows that no actual controversy exists between the parties, the appeal or the cause will ordinarily be dismissed as presenting moot or abstract questions. Louisville Transit Co. v. Department of Motor Transportation, Ky., 286 S.W.2d 536; Gordon v. Marshall, Ky., 307 S.W.2d 920. There are numerous cases in foreign jurisdictions holding that where the repeal of a statute or ordinance renders the question moot, the appeal will be dismissed. Note, 5 C.J.S. Appeal and Error § 1354(1), p. 409. Cf. City of St. Matthews v. Trueheart, Ky., 274 S.W.2d 52. But where the case proceeds to a final determination by the issuance of the mandate, it is the duty of the circuit court to render judgment in accordance therewith, notwithstanding a change of circumstances or conditions. Bernheim v. Wallace, 186 Ky. 459, 217 S.W. 916, 8 A.L.R. 938; Preece v. Woolford, 200 Ky.

604, 255 S.W. 285. No new defense may be entertained or heard in opposition to rendering a judgment in accordance with the mandate. Noel's Adm'x v. Black's Adm'r, 244 Ky. 655, 51 S.W.2d 955, 956; 3 Am.Jur., Appeal and Error, § 1238; 5B C.J.S. Appeal and Error § 1978.

The circuit court having complied with the mandate and opinion of this court, the judgment is

Affirmed.