**Modean POLIVICK, Appellant,**

v.

**John Lee POLIVICK, Jr., Appellee.**

Court of Appeals of Kentucky.

Feb. 14, 1964.

Reed & Hines, Paducah, for appellant.

M. C. Anderson, Wickliffe, for appellee.

THOMAS J. KNIGHT, Special Commissioner.

This is an appeal from a judgment of the Carlisle Circuit Court denying a divorce and custody of her child to appellant and granting the divorce and custody of the child, a boy, to its father, appellee herein, on his counterclaim. This couple was married on March 24, 1956, and separated July 2, 1960. Their only child, Donald Floyd Polivick, was three years old when this suit was filed in July, 1960, and his custody is the only question involved in this appeal. The appellant contends that she is a fit and proper person to have this custody, while appellee contends that she is not, and that he is the proper one to have that custody.

During their married life this couple lived on a farm near Bardwell. He is a tenant farmer on the farm on which he lived, and his mother and father lived on an adjacent farm, and, so far as the record shows, all are still living at these places. During their married life appellant was employed at the Merit Clothing Company at Mayfield, to which place she commuted daily. After their separation appellant went to the home of her mother in Cairo, Illinois, and continued to commute from there to her job at Mayfield, a distance of about 38 miles. Later she left her employment at Mayfield and went to work for a clothing company at Mounds, Illinois, where she still is, and she still commutes from Cairo, so far as the record shows. During the latter part of the time she worked at Mayfield her child was left during the day at a nursery provided by the Merit Clothing Company. At night she and the child lived with her mother in Cairo, and the child was also left with her mother at times during the day when he was not taken with her to Mayfield.

Appellant's mother had an apartment in what is described in some of the evidence, and is referred to in appellee's brief, as a very undesirable portion of Cairo. Her mother worked as a waitress at a restaurant in Cairo which is adjacent to if not operated by Club 18 where spirituous, vinous and malt liquors are sold, some of which was served in the restaurant where she worked. Later, she worked at Glenn's Restaurant, which does not adjoin Club 18. There is testimony that at times while appellant's mother was keeping the child in the absence of the child's mother she, the grandmother, would take the child to the restaurant where she worked where he was exposed to undesirable environment. Sometimes the child was left with a negro man who worked about the restaurant or at Club 18, and with whom the boy had become acquainted. There was testimony that appellant's mother, a widow, was often seen in company with Guy Beaver, a married man, and that there was some improper relationship between them. This was denied by both, but appellant admitted that she had been out in the car with her mother and Beaver.

There was considerable testimony taken in this case, but most of it related to the grounds for divorce. It is clear from that testimony that this was an unhappy couple, that they did not get along well together, and that the chancellor was justified in granting appellee a divorce. However, since that is not the real question involved in this appeal, it is unnecessary to summarize it. It is sufficient to say that while some of that testimony was intended to show that appellant was not a woman of the highest character, it does not raise more than a suspicion that she is not a fit person to have custody of this child. We think that under proper circumstances and conditions she could be entrusted with the custody of this child.

There are two well-settled principles of law which are paramount in these custody cases. One is that ordinarily custody of children of tender years should be given to the mother unless she is an unfit person to be given such custody. The other principle of law is that the welfare of the child is the paramount consideration.

After a careful consideration of all the evidence, we are convinced that appellant is not an unfit and improper person to have custody in this case, but that under the circumstances developed in this case the welfare of the child would be best served if the custody is given to the father. We say this because appellant has led an unsettled life since her separation and divorce. If the father had sufficient income to pay her alimony so that she did not have to work and could make a regular home for the child, where the child could be under her supervision and care at all times, it might work out. But she has established a pattern of working as a seamstress in clothing factories and must leave the child in the care of others during a good part of the

time, and she could not give the child the proper care. This was made manifest by the unfavorable conditions surrounding the child while she lived with her mother, a waitress, in Cairo.

On the contrary, the father is settled on a farm, and his mother and father live on an adjoining farm, and appellee's mother will have the care and supervision of the child. It appears to us that these are more wholesome surroundings for this six-year-old boy than would be supplied by the mother in Cairo or that she would be apt to supply him while she is working in factories without a settled home. If this were a younger child, and a female, the mother would have a stronger case.

■ Generally, in custody cases the decision of the chancellor is more to be relied on and more apt to be correct than would be the decision of a higher court miles away. The chancellor saw, and no doubt knew, most of the parties; his decision should have great weight and should not be reversed unless it is clearly erroneous. CR 52.01. We cannot say it is clearly erroneous.

It may be that appellant may come back to Kentucky to live, as she says she expects to do at some future time. Or her circumstances, or the father's circumstances, may change so that the child's welfare may be better served by changing the custody of the child. The chancellor specifically reserved the right in his judgment to make any further orders with respect to the care, custody and control of this child as the conditions of the parties and the interests of the child should justify. We think that is a wise provision in this case.

After a careful consideration of the whole case, we are of the opinion that the lower court reached a correct decision in this case, and that the judgment should be and it is affirmed.

The opinion is approved by the court, and the judgment is affirmed.