Patricia Kennedy Conlan NICOL, Appellant,

v.

James Kenneth CONLAN, Appellee.

Court of Appeals of Kentucky.

Oct. 30, 1964.

Rehearing Denied Feb. 5, 1965.

Harry L. Hargadon, Hargadon, Hargadon, Leniham & Harbolt, Louisville, Daniel Boone Smith, Harlan, for appellant.

James S. Greene, Jr., Greene & Forester, Harlan, for appellee.

CLAY, Commissioner.

This child custody case is a continuation of a controversy which we have twice before considered in Conlan v. Conlan, Ky., 293 S.W.2d 710, and in an unpublished opinion handed down April 19, 1963. Upon a new hearing after our last decision, the circuit court gave the custody of two boys (now aged 10 and 12 respectively) to the father. The appellant mother objects strenuously to the procedure followed and the result reached in the circuit court.

The parties were divorced in 1955 and custody was divided equally between the parents. In 1958, under an agreed amended judgment, the mother had the children during the school months and the father during the vacation months.

In 1961 the mother moved to Louisiana and the father to Hopkinsville, Kentucky.

In 1962, upon motion of the father, the circuit court awarded permanent care, custody and control of the children to him. This judgment was appealed by the mother, and on November 1, 1963, a mandate was issued by this Court reversing that judgment. In the unpublished opinion of April 19, 1963, on the basis of which we reversed the judgment, we decided that the father, with the burden of proving a substantial change of conditions, had not established by sufficient evidence that custody should be taken from the mother.

On November 7, 1963, before the circuit court had entered any judgment in compliance with the mandate, the father again moved to amend the agreed judgment of

1958 on the ground of change of conditions. Thereafter on January 31, 1964, the circuit judge sustained the father's motion, made written findings of fact and conclusions of law, and placed full custody of the children in the father, subject to visits by them to their mother during the summer months. The appeal before us is from this latter judgment. Since 1962, and after the issuance of our mandate on November 1, 1963, the children have remained with their father.

■ The appellant mother first contends the Chancellor committed error in failing to enter a new judgment promptly after the issuance of the mandate of this Court forthwith awarding custody to the mother (since the judgment giving custody to the father had been reversed). The appellee father contends, and the view was adopted by the Chancellor, that in the light of the language of the opinion (of April 19, 1963) and the case of Preece v. Woolford, 200 Ky. 604, 255 S.W. 285, it was proper to have a further hearing and to permit the introduction of proof. It is unnecessary to decide if the Preece case applies or if the court committed error in this respect. Due to the nature of this proceeding the question is moot. No decision of ours could possibly restore actual custody of these children to the mother as of November 1, 1963. If this was error, it has no bearing on the correctness of the judgment before us since the Chancellor clearly had jurisdiction to entertain these new proceedings.

It is appellant's contention the judgment appealed from is erroneous because there was no showing of a change of conditions and no showing that it would be detrimental to the welfare of the children for the mother to have their custody. On the first ground it is maintained that there could not possibly have been a change of conditions within the week which elapsed between the date of the issuance of our mandate on November 1, 1963, and the date of the filing of the motion to reconsider the question of custody on November 7, 1963. Appellant overlooks the fact that appellee based his claim on a change of conditions between the date of the last hearing on the question in the circuit court, which was held on July 20, 1962, and the time when the motion was made on November 7, 1963. Our last opinion of course, regardless of when handed down, was limited to facts established at the hearing on July 20, 1962.

Proof introduced by appellee did establish a change of conditions. This may be summarized as the nature of the boys' adjustments to their stepmother, their father, their neighborhood, their community and their school. There was ample evidence that the boys had happily made these adjustments and were doing very well indeed. When we last considered this case we noted that the older boy was somewhat of a disciplinary problem and did not care for school. The evidence before us discloses a definite change of attitude and aptitude. There can be no doubt that the welfare of these boys will be served by their remaining where they are.

■ Appellant contends, however, that there was no showing in any respect that it would be detrimental to the childrens' welfare if custody were awarded to the mother. This is true and of course raises the most delicate question with which a Chancellor can be confronted. We know of no rule of law or equity however, in the absence of some other controlling considerations, which requires one parent to establish that it would be detrimental to the child to be with the other parent before the former is entitled to custody. Surely the Chancellor can, in the interests of the child, allow him to stay at a place where his welfare is shown to be well served rather than risk the chance that his welfare will be equally served at a different place.

■ Appellant contends it is an accepted rule that the mother should not be deprived of the custody of children of tender years unless she is a person unfit to have such custody or unable to provide a suitable

home, citing Renfro v. Renfro, Ky., 291 S.W.2d 46. Assuming this to be a valid principle, it does not here apply. Boys of the ages of 10 and 12 cannot be classified as children of "tender years". See Russell v. Russell, 20 Cal.App. 457, 129 P. 467.

The findings of the Chancellor show a thorough consideration of the problems here involved. They are well supported by the evidence. There appear no errors in his findings or conclusions.

The judgment is affirmed.

WILLIAMS, J., not sitting.