**CITY OF ST. MATTHEWS, Appellant,**

v.

**Frank OLIVA (Oliver) et al., Appellees.**

Court of Appeals of Kentucky.

March 26, 1965.

As Modified on Denial of Rehearing
July 2, 1965.

J. W. Jones, Louisville, for appellant.

Samuel Steinfeld, Harry Lee Meyer, Steinfeld & Steinfeld, Louisville, for appellees.

CULLEN, Commissioner.

The City of St. Matthews appeals from a judgment which in effect requires the city to rezone, from a residential classification to a commercial classification, a tract of land in the city owned by the appellees Frank and Angeline Oliva.

This action was brought originally in 1960. A judgment was entered in November 1961 directing the city to rezone the property. An appeal was taken by the city from that judgment and by opinion (unpublished) dated November 2, 1962, this Court reversed the judgment. Upon remand of the case the circuit court, over objections of the city, retried the case, hearing new evidence, and entered another judgment, which is the one now before us.

The opinion on the former appeal contained no directions as to future disposition of the case; it ended simply with the words "Judgment reversed". However, the official mandate issued in the case recited that the judgment was reversed and the case was "remanded for proceedings not inconsistent with the opinion herein." The circuit court interpreted the mandate as a direction (or at least permission) to hold a new trial. The appellant contends that the opinion and mandate, construed together, clearly contemplated that no new trial be held but that judgment be entered dismissing the complaint.

The reason stated in the opinion on the former appeal of this case for reversing the judgment was that the appellees had "failed to show in a clear and convincing manner that the action of the appellant was arbitrary, unreasonable, or capricious." Nothing of an unusual or special nature was involved; it was a simple case of a failure of the plaintiffs, after a full and fair trial, to produce enough evidence to sustain their claim.

**40**

■ The well settled rule in this jurisdiction is that upon reversal of a judgment in an "equity" (nonjury) case the case will not be remanded for a retrial or for taking of further proof unless there are special exigencies or circumstances indicating that the "ends of justice" require such a remand. See Young v. Cumberland County Educational Society, 183 Ky. 625, 210 S.W. 494, 6 A.L.R. 135; Texas Co. v. Commonwealth, 303 Ky. 590, 198 S.W.2d 316; Stephenson v. Burton, Ky., 246 S.W.2d 999.

It is contended by the appellees that there were special exigencies or circumstances in this case in that the law concerning the burden of proof in zoning cases was changed during the pendency of this case. They claim that on the first trial they relied upon the rule in Boyd v. Louisville and Jefferson County Planning and Zoning Commission, 313 Ky. 196, 230 S.W.2d 444, but that the Court in its opinion on the first appeal in this case departed from that rule and subsequently, in American Beauty Homes Corporation v. Louisville and Jefferson County Planning and Zoning Commission, Ky., 379 S.W.2d 450, expressly overruled Boyd. There is no merit in the contention because the rule in Boyd was based solely on the statute governing zoning in Louisville and the unincorporated areas of Jefferson County. The Boyd rule never did apply to zoning in a fourth-class city.

The appellees maintain that Preece v. Woolford, 200 Ky. 604, 255 S.W. 285, stands for the proposition that where this Court remands a case for "proceedings consistent with this opinion" the trial court has *discretion* whether to retry the case or to enter judgment. However, an examination of the opinion in the Preece case shows that the discretion of the trial judge to retry was limited to cases presenting some special reason or justification for a retrial. The opinion closes with this significant language (255 S.W. at 287):

"We would not be understood as approving a course of practice that would permit the trial court to reopen a case for the reception of cumulative evidence after the reversal of the judgment rendered upon a full hearing of the merits upon full proof taken by both parties and a due submission made * * *."

■ As hereinbefore stated, there were no special equities involved in the case on the first appeal suggesting a need for a retrial. The case had been fully and fairly tried and the plaintiffs had been given their day in court. The opinion on the first appeal contained nothing to suggest even remotely that a new trial should be held; therefore, there was no occasion to construe the direction of the mandate, for proceedings consistent with the opinion, as a direction to do anything other than *enter a judgment consistent with the opinion*, that is, a judgment dismissing the complaint.

The trial court erred in retrying the case.

The judgment is reversed with directions to enter judgment dismissing the complaint.