**Mary Ann YELTON (now Haley), Appellant,**

v.

**Phillip A. YELTON, Appellee.**

Court of Appeals of Kentucky.

Oct. 29, 1965.

William E. Wehrman, Wehrman & Wehrman, Covington, for appellant.

Walter D. Vest, Covington, A. D. Yelton, Frankfort, for appellee.

DAVIS, Commissioner.

Appellant is the former wife of appellee. She appeals from an order modifying the original divorce judgment as it related to custody of the two children of the parties. The original judgment, entered December 13, 1960, awarded to the now appellant-wife the custody of the two children, a girl then nine years old, and a boy then five.

On June 22, 1964, appellee filed the motion to modify the original judgment as to custody, asserting a change in conditions, and praying that he be awarded the permanent custody of the two children. After a hearing on the motion, the chancellor did modify the original judgment and awarded the custody of the children to the appellee. Appellant urges that the order of modification be reversed on the ground that the chancellor abused his discretion in granting it.

Appellee's motion for custody was supported by his own detailed affidavit. Appellant filed a counter-affidavit, and presented testimony of herself and several witnesses orally before the chancellor. The undisputed facts may be summarized as follows. Appellant and appellee have made second marriages since their divorce. Appellant married Foster Haley in March, 1962. Haley had been convicted in a United States District Court for illegal traffic in intoxicating liquor prior to appellant's marriage to him. While Haley was a federal prisoner in the Fayette County jail, awaiting trial, appellant visited Haley in the jail and was accompanied there by the two chil-

dren. Haley was confined at a federal penal institution in 1961 as the result of his conviction upon the liquor charge. While he was so confined the appellant visited him at the prison on several occasions; on many of these visits she was accompanied by the two children.

In February, 1962, appellant took the two children with her to Moses Lake, Washington, where she stayed with her brother for a brief time. About March 1, 1962, appellant, with the children, returned to Boone County, Kentucky, and moved into the Haley residence. There is some indication that appellant proclaimed that she and Haley had been married at a time earlier than the actual wedding date. Already residing in the Haley home were four children, ranging in age from nineteen to eight years, offspring of an earlier marriage of Haley's.

Appellant separated briefly from Haley in June, 1962, at which time she journeyed to California with the two children. Haley persuaded her to return with him to Kentucky. Sometime in November, 1962, Haley was arrested and charged again with illegal dealing in alcoholic beverages. He was again convicted in the federal court, and sentenced to confinement at Terre Haute, Indiana; he was there confined at the time of the hearing below. Appellant stated that she had taken the two children to visit Haley at Terre Haute on several occasions, and planned to continue the practice. She pointed out that there was no prison atmosphere in the area to which the children were admitted. Since Haley's confinement appellant has received a public assistance allotment of $45.00 per month for herself and the children; additionally she has received $120.00 per month from appellee; other income has increased her total receipts to about $195.00 per month.

Witnesses told of appellant's traits as a good mother, and that the children appear happy, healthy, and normal. Appellee's annual income was shown to be $9000. His present wife had a separate income at the time of the hearing, but appellee testified that if custody of the children should be awarded to him, his present wife would discontinue her work to look after the children.

■ The litigants recognize that the prime consideration in child custody cases is the welfare of the children. In all such cases the "ideal" situation is unattainable; that "ideal"—a well ordered home led by happily mated parents—has been destroyed by the divorce. Thus the quest is for the "next-best". Under the circumstances of this case, we are persuaded that the chancellor has exercised a sound judicial discretion in awarding the custody of the children to the father, subject to the visitation rights permitted in the order. What we have said is not to say that the appellant is "unfit," as that term is sometimes used. See Polivick v. Polivick, Ky., 375 S.W.2d 683; Nichol v. Conlan, Ky., 385 S.W.2d 779; Hall v. Hall, Ky., 386 S.W.2d 448. The unfitness here results from the disparity between the homes available to the children. We think it needs no elaboration to sustain the proposition that appellee's home presents an infinitely better prospect for the welfare of these children than does appellant's.

The judgment is affirmed.