**Geneva L. SCHWARTZ, Appellant,**

v.

**George C. SCHWARTZ, Jr., Appellee.**

Court of Appeals of Kentucky.

Oct. 2, 1964.

Jack M. Lowery, Jr., Louisville, for appellant.

G. Phillip Deeb, Sr., Louisville, for appellee.

CULLEN, Commissioner.

Geneva Schwartz was granted a divorce from her husband, George, in November 1958. The judgment incorporated an agreement giving the wife custody of their three children, aged 15, 10 and 8, subject to the husband's right of "reasonable" visitation. In February 1963 an order was entered modifying the judgment so as to permit the husband to take the children from the wife's home only for a few hours each weekend, "provided that the children should at all times * * * be accompanied by a discreet adult supervisor—not defendant's present wife." In April 1964 a further order of modification was entered, deleting the requirement for a supervisor. The wife has appealed from the latter order.

■ The appellant contends there was no showing of a change of conditions subsequent to the entry of the order of February 1963 and therefore the court had no authority to modify that order. It appears that the requirement in the February 1963 order for a supervisor had been made on the basis of evidence presented by the wife to the effect that the chidren could not safely be entrusted to the unsupervised custody of the husband because he was emotionally unstable and had a violent and uncontrollable temper. There was evidence at the hearing in April 1964, as to the actual experience during the period of supervised custody, warranting the conclusion that supervision was unnecessary and was simply a source of aggravation. In substance, the court found that the danger thought to exist in February 1963 did no longer exist, which we think falls in the category of a change of conditions.

■ The appellant complains of the refusal of the chancellor to admit evidence, on the hearing in April 1964, of a criminal record of the husband, and two adjudications of his insanity, long predating the divorce. We think the evidence properly was rejected. Since, at the time of the divorce, when an agreed judgment was entered concerning custody, the previous conduct and mental condition of the husband were not considered such as to prevent him from having the right of reasonable, unsupervised visitation, that conduct and condition could have no relevancy as to whether, six years after the divorce, it was necessary that his visitations be under supervision. The only issue on the April 1964 hearing was whether circumstances since the February 1963 order were such as to show that supervision was unnecessary.

A third contention of the appellant's, that the chancellor erred in regard to the giving of testimony by the children, must be sustained.

At a pre-trial conference the chancellor entered an order requiring each party to furnish to the other, and to the court, one week before the hearing, a list of his "witnesses". The order recited that anyone whose name was not on a list would not be permitted to "testify in chief". Both parties submitted lists but the children were not named on either list.

At the hearing the appellant offered the children as witnesses, but the chancellor refused to permit them to testify formally because their names had not been listed. He further refused to permit the appellant to take the testimony of the children either by way of avowal or as rebuttal evidence. Stating it to be his preference, he interviewed the children in chambers, overruling the appellant's request that the reporter be present. Upon inquiry by the appellant as to the setting of a future date at which the children's testimony could be taken formally, the chancellor announced that the earliest possible date would be some six months off.

■ Without regard to the question of whether the court had authority on its own motion to require the parties to list their witnesses in advance of the hearing, and the question of whether the parties reasonably would have understood that the children were embraced by the term "witnesses" in the pre-trial order, and the question of whether any end of justice was served by refusing to permit the children to testify formally, it is our opinion that when the chancellor elected to interview the children in chambers, without permitting the interview to be reported, and presumably based his decision at least in part on that interview, he committed a material procedural error.

The primary issue on the hearing related to the appellee's conduct and attitude when the children were with him. The children were of such age that their testimony would be capable of value on that issue. It must be assumed that the chancellor did accord some weight to what the chidren told him in chambers.

■ We have held (in a divorce action) that when a child has been determined to be a qualified witness his testimony should be given in the presence of the parties or their counsel if it is to be made a basis of the court's decision. York v. York, Ky., 280 S.W.2d 553. Here, although the appellee states in his brief that counsel were present and were offered the opportunity to question the children during the interview in chambers, the record recites only: "(At this time the Judge sees the Schwartz children in his chambers.)"

A further right of the parties, we believe, is to have the testimony of the children, where it may be used as a basis for the court's decision, reported so that it may be preserved for appellate review. This right was denied here.

The order is reversed for further proceedings consistent with this opinion.