**Lona Andre HAMILTON, Appellant,**

v.

**Leonard Bertram HAMILTON, Appellee.**

Court of Appeals of Kentucky.

Oct. 2, 1970.

**452**

B. Carlton Neat, III, John A. McCrea, Louisville, for appellant.

Martin F. Sullivan, Jr., Louisville, for appellee.

OSBORNE, Judge.

This is a divorce proceeding in which the father, Leonard Bertram Hamilton, was awarded custody of the children. Upon this appeal the mother questions that decision. We affirm.

The parties to the action were married February 19, 1955, and since that day have resided in Jefferson County, Kentucky. They presently have three children, all boys, ages 13, 10 and 7. The only property they own is the equity in their home in the amount of approximately $1000, along with various household furnishings. The husband is employed by the post office and earns approximately $3 an hour. The wife is presently employed by the Olin Mathieson Company; however, she procured this employment after the separation.

It is abundantly clear from the chancellor's detailed findings of fact and conclusions of law that the question of who should be awarded custody of the children was a close one. The chancellor felt that on balance at the present time the father was the more stable person and had the best opportunity of providing a suitable home. Also, the oldest child expressed a desire to stay with his father. No purpose can be served by setting out the facts of the case. However, it should be pointed out that the divorce was brought about as a result of Mrs. Hamilton's attachment to a man other than her husband. This attachment has persisted throughout the proceedings. It is extremely doubtful that under the circumstances she could provide a very attractive place for the children to live.

Attorneys for Mrs. Hamilton contend in their brief filed herein that custody of small children should be awarded to their mother unless she is specifically found to be unfit. We do not believe that a finding of unfitness is any longer necessary. See Yelton v. Yelton, Ky., 395 S.W.2d 590 (1965) and Watson v. Watson, Ky., 434 S.W.2d 33 (1969). It is no longer an indispensable prerequisite to the denying of custody to either parent that the other be adjudged unfit. Parents have equal rights in contest over their children. When the court chooses one over the other, it is because a choice must be made. Custody cannot be awarded to both at the same time and the court is only picking and choosing what appears to be the parent who will provide the better, more stable home surroundings and will give the most attentive and suitable care.

This is a value judgment made in the first instance by the trial judge. We have many times said we would not reverse actions unless his findings were clearly erroneous or he abused his discretion. This is a sound rule and perfectly in accord with acceptable appellate procedure. Here we find nothing approaching erroneous findings nor an abuse of discretion.

Judgment affirmed.

All concur.