Virginia KILLEN, Appellant,

v.

Clifford E. PARKER et al., Appellees.

Court of Appeals of Kentucky.

March 12, 1971.

Eldon L. Webb, Ashland, for appellant.

Michael D. Johnson, Creech & Hogg, Ashland, for appellees.

DAVIS, Commissioner.

The appellees, who are husband and wife and the natural parents of Ronald Parker, obtained an order in a habeas corpus proceeding requiring appellant to surrender custody of Ronald to them. The trial court suspended the effective date of transfer of custody pending the outcome of this appeal.

The appellant contends that the trial court erred in holding that KRS 405.020 required a transfer of custody to the appellees in view of the trial court's finding that to so transfer the custody would be harmful to the child and compel him to live in a "weird, abnormal and bizarre atmosphere."

Ronald, who was eleven years old on December 24, 1970, had spent approximately half of his life with the appellant, his great-aunt. He expressed a strong desire to remain in her custody. After an evidentiary hearing, the trial judge specifically found that the parents were fit and proper persons, suitable to have custody of Ronald, so he awarded custody to them. However, he opined that appellant could afford Ronald a better living atmosphere than could the parents. The trial judge recited in his "conclusions of law" that it would be harmful to Ronald to take him from appellant's custody. The court's conclusion was more properly a finding of fact than a conclusion of law. As a finding of fact it was clearly erroneous, because there was no substantial evidence to support it. The evidence showed that the parents were fit persons to have the custody, able to provide more than the minimal standards of care for the child.

The mere fact that appellant may be able to provide more abundant living conditions is not a basis for denying the fundamental right of custody vouchsafed to the natural parents by KRS 405.020 and recognized in a long line of decisions. That Ronald's living atmosphere will be somewhat less affluent with his parents than with appellant is not such "harm," nor so "harmful," as will work a loss of the parents' right of custody. See Bramblet v. Cox, Ky., 461 S.W.2d 349; Manion v. Cofer, Ky., 459 S.W.2d 76; Mandelstam v. Mandelstam, Ky., 458 S.W.2d 786; James v. James, Ky., 457 S.W.2d 261; Dudgeon v. Dudgeon, Ky., 458 S.W.2d 159; Scott v. Scott, Ky., 445 S.W.2d 871, and Raynardus v. Garcia, Ky., 437 S.W.2d 740.

The judgment is affirmed.

All concur.