**Willard E. CARROLL, Appellant,**

v.

**Janet Kay CARROLL, Appellee.**

Court of Appeals of Kentucky.

July 2, 1971.

Stanley R. Hogg, Lillian D. Williams, Creech, and Hogg, Ashland, for appellant.

Gary L. Littleton, Grayson, for appellee.

NEIKIRK, Judge.

On December 29, 1970, the Carter Circuit Court granted a divorce to Willard E. Carroll from Janet Kay Carroll. The court awarded to Willard the custody of the parties' ten-year-old daughter, Marquetta. On January 4, 1971, Janet's counsel filed a motion to amend the judgment. When the parties appeared in court, the trial judge stated that he wanted to consider some matters that had been brought to his attention since the entry of the original judgment. The judge then announced to the attorneys that he, personally, had received from Dr. Paul R. Lewis a letter to the effect that Marquetta appeared to be upset about having to leave her mother and that he had treated the child professionally for this condition. The letter was read by the judge and placed in the record. The judge further stated that he had talked with Janet's father and had learned that Marquetta was upset and did not want to leave her mother. He further announced that he intended to talk to the child in the presence of only the court reporter. Counsel for Willard objected to the court's considering the doctor's letter and the conversation with Janet's father, and to the questioning of the child out of the presence of the parties or counsel. The objections were not sustained. The questioning of the child was conducted by the trial court

in chambers and a complete record was made of the proceeding.

The trial court entered an amended judgment, changing the custody of the child from Willard to Janet. It is from this amended judgment that Willard appeals.

In view of our opinion in Parker v. Parker, Ky., 467 S.W.2d 595 (decided May 28, 1971), the questioning of the child by the trial judge under the circumstances shown might not in itself be regarded as prejudicially erroneous. Nevertheless, the Parker opinion did not affect the force of the requirements declared in Wells v. Wells, Ky., 406 S.W.2d 157, wherein we considered the use of extra-judicial statements, such as the doctor's letter and the grandfather's conversation with the judge in this case.

Our disposition of this appeal does not necessarily require that the trial court reach a different conclusion as to the child's custody. It does require that a hearing be conducted and the evidence upon which the trial court's determination is based be either confined or properly presented in accordance with this opinion.

The judgment is reversed for further proceedings in conformity herewith.

All concur.