**Terry Lee EVISTON, Appellant,**

v.

**David Michael EVISTON, Appellee.**

Court of Appeals of Kentucky.

March 15, 1974.

Charles J. Schear, Newport, for appellant.

Bernard J. Blau, Newport, for appellee.

After a lengthy hearing the trial court adjudged that the custody of Thomas David Eviston, who was born on May 26, 1968, be awarded to his father, appellee David Michael Eviston. The marriage of David and appellant Terry Lee Eviston was dissolved and their property rights were adjudged. On this appeal Terry attacks only that part of the judgment which gave custody of Thomas to David. We affirm.

The trial judge was confronted with the general rule that normally the mother " * * * is better equipped to nurture and care for small children," (Parker v. Parker, Ky., 467 S.W.2d 595 (1971)), which is a consideration in determining "best interest" under KRS 403.270. It is apparent from our opinions and from that statute that the overriding issue is what is for the best interest of the child. Mandelstam v. Mandelstam, Ky., 458 S.W. 2d 786 (1970); Hinton v. Byerly, Ky., 483 S.W.2d 138 (1972). The arrangement finally fashioned for the care of Thomas permitted the child to live with his father and paternal grandparents in the same home he had always occupied. We have noted that Terry's mother had proposed what might be considered as a comparable arrangement, however we find no convincing evidence that the disposition made by the chancellor was not in the best interest of the child.

In reviewing the decision, the test is not whether we would have decided differently but whether the findings of the trial judge were clearly erroneous or he abused his discretion. Hamilton v. Hamilton, Ky., 458 S.W.2d 451 (1970). We are unwilling to say that either of these occurred.

We think it appropriate to observe that the custody of this child is subject to review and change as provided in KRS 403.-340. In the event appropriate proceedings reveal to the court that a modification

should be made, we are confident that proper action will be taken.

The judgment is affirmed.

OSBORNE, C. J., and JONES, MILLI-KEN, PALMORE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur except OSBORNE, C. J., who concurs in result only.