Carol L. BROWN, Appellant,

v.

Harvey M. BROWN, Appellee.

Harvey BROWN, Appellant,

v.

Carol L. BROWN, Appellee.

Court of Appeals of Kentucky.

May 17, 1974.

Charles H. Anderson, Louisville, for Carol L. Brown.

William P. Mulloy, Louisville, for Harvey M. Brown.

STEPHENSON, Justice.

A judgment of the Jefferson Circuit Court awarded Carol L. Brown the custody of Janice E. Brown, age 5; awarded Harvey M. Brown the custody of Sharon K. Brown, age 12, and Douglas H. Brown, age 7; and declined to award child support against either party. Both Carol and Harvey appeal. We affirm.

Harvey filed for divorce, and an agreement was entered into to settle the proper-ty of the parties. In this agreement the temporary custody of the three children was to remain with Harvey until further orders of the court, and the issue of permanent custody was reserved for future determination. A decree of dissolution of the marriage was entered incorporating the agreement.

Carol filed a motion to have that portion of the agreement pertaining to child custody be held for naught and a hearing held to determine custody, maintenance, and child support. During two days of testimony, the trial court heard a psychiatrist, doctors, marriage counsellors, and psychologists testify as to the physical and mental problems of both Carol and Harvey during their marital life. From these experts, the trial court concluded that both Harvey and Carol were at that time capable of providing a good home for each one of the three children.

During the trial, the trial judge interviewed Sharon, age 12, pursuant to KRS 403.290(1). A court stenographer reported this testimony with no counsel present. Sharon testified: "Well, I guess I want to live with my Dad. I don't know why, but my brother said he would, too, but my sister doesn't care." She was hesitant to go to live with her mother because she liked the school she attended, had friends near where she lived with her father, and felt that her mother had changed due to new ideas and new social values.

The trial court felt that the children had been "well brought up" by both parents. From the interview with Sharon, the trial court concluded that she was happy and well adjusted with her father and that Harvey should be permitted to have the primary custody of Sharon. From all the testimony, the trial judge concluded that Douglas, age 7, should be in Harvey's custody for the future directing and planning of Douglas' life with sufficient opportunity afforded Carol to care for and give guidance to both these children. As to Janice, age 5, the trial court felt that Carol would

supply the best guidance and care, but that Janice did need to see and identify with Harvey. In making this determination of divided custody between the parents, the trial court relied on KRS 403.270 and considered all relevant factors as outlined therein.

 Carol lists five arguments as to why she should have the custody of all three children. The first argument that the trial court should have dismissed Harvey's appeal is without merit. The trial court does not possess authority to dismiss appeals.

Carol's second argument that the trial court considered evidence of fault in causing the marriage breakdown in determining child custody is not supported by the testimony referred to.

 The third argument presented is that the trial court should have interviewed the son, Douglas, age 7, in chambers pursuant to KRS 403.290. It is discretionary as to whether or not the trial judge should interview a child. We cannot say that the trial court abused its discretion in this matter.

 A fourth argument presented by Carol and a similar one presented by Harvey is that the trial court should have granted custody of all three of the children to one or the other parent. The trial court heard evidence for two days on who was the proper person to have custody. The trial court found that there was no physical reason nor any mental instability on the part of either Carol or Harvey so as to preclude either of them from being the proper parent for the three children. After the interview with Sharon, the trial court made a split-custody determination. We are not persuaded by the arguments of either Carol or Harvey in this matter. The trial court used the "relevant factors" as outlined in KRS 403.270 and those factors established in Parker v. Parker, Ky., 467 S.W.2d 595 (1971). From the record it appears that the trial court did not abuse its discretion in this matter.

 Carol's last argument is that she should receive child support for Janice. The trial court found that Harvey earned about $9,100 in 1972. Carol worked as a school teacher in 1972 and earned $8,145.-51. There was a finding that each one of them would make approximately the same amount in 1973 as in 1972. KRS 403.210 provides that "the court *may* order either or both parents owing a duty of support to a child of the marriage to pay an amount reasonable or necessary for his support, without regard to marital misconduct, after considering all relevant factors." The trial court ordered that "there shall be no award for child support in favor of or against either *party hereto.*" We find *no* abuse of discretion in this finding.

The judgment is affirmed.

OSBORNE, C. J., and JONES, MILLIKEN, STEINFELD, REED and STEPHENSON, JJ., concur.