Jean Feraca CASALE, Appellant,

v.

Frank Louis CASALE, Appellee.

Supreme Court of Kentucky.

Jan. 14, 1977.

Rehearing Denied April 22, 1977.

Frank E. Haddad, Jr., Louisville, for appellant.

Natalie S. Wilson, Eblen, Milner, Rosenbaum & Wilson, Lexington, for appellee.

STEPHENSON, Justice.

In a proceeding for dissolution of marriage, the sole issue presented to the trial court was that of custody of the parties' infant child. The trial court awarded custody to the father. The mother appeals. We reverse.

The mother, appellant, and the father, appellee, were married in 1968. The child was born in 1973. The father is an assistant professor of political science at the University of Kentucky. The mother has pursued a graduate program at the University and is employed there as a part-time instructor in English. In 1975, the parties separated and a suit for dissolution of marriage was filed. Agreement was reached on all issues save that of custody of the infant child. This issue was heard by the trial court, and after a lengthy hearing compiling a voluminous record of testimony, the trial court entered findings of fact and conclusions of law awarding custody of the child to the father.

The trial court stated in the findings of fact that "[t]he Court's decision in this case is based pure and simply on intuition . . ." the mother "'by her nature' is not better suited to have custody of the child . . ." and "the mother is a very self-centered person."

We have reviewed the testimony in this case and appreciate the dilemma encountered by trial courts in making a determination of custody between contending parents. The testimony reveals that both parents love and want the child; both parents par-

ticipated in the day-to-day care of the child; and there is no testimony to indicate that either parent would be unsuited to caring for and raising the child. Much of the testimony is opinion testimony by various witnesses as to the most suitable parent.

The trial court relied on two of the factors in *Parker v. Parker*, Ky., 467 S.W.2d 595, 596 (1971), in determining custody:

"1. Which of the parents shows the greater character and stability that would make him or her the more suitable person to preside over a home in which the children can adequately be reared?

"2. All factors contributing to the breaking up of a home and marriage."

■ While we could agree that the testimony taken as a whole could be evaluated to indicate a marginal preference for the father as the most suitable person to have custody of the child, the test is the "best interests" of the child, and it is in this respect that we believe the trial court erred in awarding custody to the father.

In 1972, the General Assembly adopted the Uniform Marriage and Divorce Act (ULA) embodied in KRS Chapter 403.

KRS 403.270 is dispositive of the issue presented here. This section provides:

"(1) The court shall determine custody in accordance with the best interests of the child. The court shall consider all relevant factors including:

(a) The wishes of the child's parent or parents as to his custody;

(b) The wishes of the child as to his custodian;

(c) The interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interests;

(d) The child's adjustment to his home, school, and community; and

(e) The mental and physical health of all individuals involved;

(2) The court shall not consider conduct of a proposed custodian that does not affect his relationship to the child."

We say this because of the reasoning contained in the Commissioners' Notes to § 402 of the Uniform Marriage and Divorce Act (ULA), pp. 504, 505. This section was enacted as KRS 403.270. The Commissioners' Note applicable here is as follows:

"The five factors mentioned specifically are those most commonly relied upon in the appellate opinions; but the language of the section makes it clear that the judge need not be limited to the factors specified. Although none of the familiar presumptions developed by the case law are mentioned here, the language of the section is consistent with preserving such rules of thumb. The preference for the mother as custodian of young children when all things are equal, for example, is simply a shorthand method of expressing the best interest of children—and this section enjoins judges to decide custody cases according to that general standard."

In our opinion, the situation here is precisely that contemplated by KRS 403.270.

■ For all practical purposes "all things are equal" here and the preference that the mother should have custody of a young child has not been overcome by the testimony in this case. *Parker* and KRS 403.270 abrogated the rule that the mother must be shown to be unfit before an award of custody of a child of tender years could be made to the father. We are not prepared to define precisely the quantum of proof necessary to overcome the preference that the mother should be the custodian of children of tender years. This is a value judgment that has to be decided on a case-by-case basis. Here the evidence is so close, we are of the opinion that the natural preference for the mother should prevail.

Our holding here is not, in our opinion, inconsistent with *Parker*. The factors recited in *Parker* are not too greatly at variance with the factors embodied in KRS 403.270 enacted a year later. To evaluate the holdings in *Parker* the facts must be considered. *Parker* involved the issue of custody ·of three children, ages 13, 9, and 5. The parents had been divorced in 1966 and the

children awarded to the father. The issue presented in *Parker* arose when the mother, having remarried, applied in 1969 for a *change* of custody from the father to the mother. The factual situation here is completely different. We are of the opinion that implicit in *Parker* is the result we reach in this case. *Parker* recited that it is not indispensible that a trial court find that a mother is morally unfit to have custody of children as a prerequisite of awarding custody to the father and declining to change custody. Further, *Parker* states 467 S.W.2d at page 596:

"There has existed in the law the concept that the mother has the better right to young children. However, the basis of this rule is nothing more or less than the fact that under normal conditions a mother by her nature is better equipped to nurture and care for small children. It is more a practical consideration than a rule of law."

This is what we are saying here in application to a completely different factual situation.

We are of the opinion the trial court did not properly evaluate *Parker* or apply the reasoning of determining the best interests of the child as required by KRS 403.270. For this reason, we hold the findings of the trial court to be clearly erroneous.

The judgment is reversed.

REED, C. J., and JONES, LUKOWSKY, PALMORE, STERNBERG and STEPHENSON, JJ., sitting.

All concur.