Donald L. **DEXTER**, Appellant and Cross-Appellee,

v.

**Ginger Debra (Dexter) SPAINHOWARD et al., Appellees and Cross-Appellant.**

Court of Appeals of Kentucky.

Feb. 3, 1978.

Rehearing Denied March 24, 1978.

Daniel N. Thomas, Hardin, Hardin & Thomas, Hopkinsville, for appellant and cross-appellee.

John P. Kirkham, Michael A. Richardson, Hopkinsville, for appellees and cross-appellants.

Before HOWERTON, LESTER and REYNOLDS, JJ.

HOWERTON, Judge.

The circuit court denied appellant's request for a change in custody of the appellant's/appellee's infant child. On this appeal, the appellant argues that error was committed when the custody question was determined totally by depositions without an oral evidentiary hearing. Additionally, he argues that the findings of fact and conclusions of law were erroneous. The appellee, as cross-appellant, argues that the trial court incorrectly failed to exercise its discretion in the awarding to her of attorney's fees.

■■■ The appellant in this case has made a strong argument in support of a rule that all custody cases require an oral evidentiary hearing. It is pointed out that KRS 403.310 means that custody proceedings shall receive priority in being set for "hearing". We think that in most custody determinations the trial judge would prefer an oral evidentiary hearing. However, we are not prepared to say that in his discretion the trial judge cannot determine that such a hearing is unnecessary. The extensive amount of evidence presented to the trial judge in this case causes us to conclude that the trial judge did not abuse his discretion by not holding an oral evidentiary hearing. CR 43.04 is clear in its language. A trial judge has discretion to allow the taking of evidence to be totally by deposition. We find no law requiring an exception to this rule. A "hearing" may be conducted orally or by deposition. Review of transcribed testimony by a trial judge does not constitute a denial of due process.

■■■ We have reviewed the record and find no merit to appellant's argument concerning the findings of fact and conclusions of law. KRS 403.340(2), in effect, directs the trial court to continue the status quo in a custody arrangement unless certain proven facts indicate a need for change. See Wilcher v. Wilcher, Ky., 566 S.W.2d 173, rendered today. We believe that the professional evidence of the wife's suitability as custodian of the infant child was sufficient in itself to allow, if not necessitate, the conclusion of the court. There was certainly no substantial proof that the child's physical, mental, moral and emotional health has been or will be seriously endangered by the child's present home.

■■■ The cross-appellant argues that she should have been awarded attorney's fees. KRS 403.340(3) establishes guidelines under which attorney's fees *must* be awarded in a custody case. An award of attorney's fees is mandatory if the trial court finds the action for modification to be vexatious and to constitute harassment. We do not believe that this section establishes the exclusive means by which a trial court may grant fees. Additionally, the trial court has discretionary power to grant fees under KRS 403.220. See also, Wilhoit v. Wilhoit, Ky., 521 S.W.2d 512 (1975). Our review of the record indicates that the trial judge may have failed to determine if fees should be granted under his discretionary authority granted in KRS 403.220, after he determined that fees were not mandatory under 403.340(3). Admittedly, the record is not explicit on this point. We have determined that the case should be remanded to the trial judge to allow him to make a discretionary decision concerning attorney fees, as provided for in KRS 403.220.

The judgment of the trial court, as to custody, is affirmed, and the case is remanded for a determination concerning attorney fees as discussed above.

All concur.