Edna Maydean JONES, Appellant,

v.

Jerry JONES, Appellee.

Court of Appeals of Kentucky.

Jan. 26, 1979.

As Modified March 9, 1979.

Joseph M. Whittle, Leitchfield, John W. Bland, Jr., Lewis, Bland & Preston, Elizabethtown, for appellant.

Kenneth F. Smart, Leitchfield, for appellee.

Before WHITE, HOGGE and VANCE, JJ.

WHITE, Judge.

On March 31, 1978, the Grayson Circuit Court entered a decree which dissolved the parties' marriage and provided for the custody of their minor child. The issues in the instant appeal center upon the decree's custody provision, which recites that temporary custody is awarded to the appellee-father, father and child to reside with the paternal grandparents. Appellant, the child's mother and respondent below, advances several substantive arguments to the effect that this provision constitutes an improper award of custody to a nonparent. The presumption in favor of natural parents, the sufficiency of the evidence, and the tender years presumption have all been assigned as the basis of error. Appellant also contends that reversal is warranted due to the lack of findings of fact below. To evaluate the soundness of these arguments the record must be examined to determine the applicable legal principles. Inasmuch as the judgment appealed from is dated March 31, 1978, only the evidence to that date will be considered. This Court may not consider any facts presented at the May 5 hearing as to the parties' fitness. *Bond v. Shepherd*, Ky., 509 S.W.2d 528, 530 (1974).

At the date of dissolution the parties had been married two and one-half years and their only child, a son, was nineteen months old. It appears that appellant was first awarded temporary custody of the child by the court, although custody was requested by appellee in the original petition. At the January 25 hearing, however, custody was changed to appellee, the court finding that he was a fit and proper custodian. Appellant contends that since the lower court did not specifically find her to be unfit, the decision below is erroneous.

The applicable rule of law herein will depend upon whether the case is viewed as a parent/nonparent dispute or as a parent/parent dispute. When the choice of custodian is to be made between a natu-

ral parent and a nonparent, the parent will prevail if all else is equal. *Bond v. Shepherd, supra; James v. James*, Ky., 457 S.W.2d 261 (1970). The case of *Killen v. Parker*, Ky., 464 S.W.2d 815 (1971), indicates that where the only distinction is the degree of affluence, custody should be awarded to the parent. *Chandler v. Chandler*, Ky., 535 S.W.2d 71, 72 (1975), states that the rule means that it must be shown that the child's welfare is better served by placement with the nonparent and also that the parent is unfit.

■ The tender years presumption, on the other hand, applies in disputes between the child's natural parents.[1] Often criticized, this doctrine expresses a preference for the mother as a custodian of young children. *Moore v. Moore*, Ky.App., 577 S.W.2d 613, 26 Ky.L.Summ. 1 (1979). The presumption applies only where both parents are equally fit to raise the child. *Casale v. Casale*, Ky., 549 S.W.2d 805 (1977). If the father is better suited as custodian, the presumption is not only inapplicable, but the father may be awarded custody even though the mother is not found to be unfit. *Hamilton v. Hamilton*, Ky., 458 S.W.2d 451, 452 (1970).

■ This appears to be a parent/parent dispute for several reasons. First, by express terms of the decree, the appellee-father was awarded custody. The mere fact that appellee resides with his parents does not alone mean that custody was actually awarded to the grandparents. *Calhoun v. Calhoun*, Ky., 559 S.W.2d 721 (1977). More importantly, however, it should be noted that the grandparents are not named as parties to this appeal. Given that fact, the mother's argument seems to be that the trial court incorrectly considered the grandparents' influence, situation in life, and ability to care for the child in assessing appellee's suitability as custodian. However, it is clear that the trial court was quite correct in considering the above factors. *See Calhoun v. Calhoun, supra; Perkins v. Perkins*, 291 Ky. 571, 165 S.W.2d 152 (1942). KRS 403.270 requires that all factors affecting a child's best interests be evaluated in determining custody.

■ Further, the fact that the trial court stated in the decree that appellee and the child were to live with the grandparents does not make this case a parent/nonparent dispute. Rather, the statement as to living arrangements does no more than expressly state the inherent power of the trial court. Since, as stated above, KRS 403.270 requires the trial court to evaluate all relevant factors surrounding the child, the court must, in part, base its decision on the *existing* living conditions. Should those conditions substantially change, the trial judge may order modification upon proper application. While it is questionable whether a trial court may *condition* a party's custody on maintaining specific living arrangements (as opposed to standards), appellee does not complain of this.

Viewing the case as a parent-to-parent dispute, the tender years presumption must be addressed. Simply put, the presumption is not applicable herein because all things are not equal between the parties. The record discloses that the appellant-mother was seventeen years old at the time of the decree, unemployed, and living with eight relatives in a four-room house. (Appellant's mother did testify, however, that one room of this house was large enough to have been partitioned into three separate bedrooms.) The house lacks both running water and inside toilet facilities. The evidence also shows that appellant has moved three times since the parties' separation in September of 1977 and that the child lost two pounds in one month while in appellant's custody. It appears that at one point appellant and the child lived with appellant's sister and her two children. Due to a

---

1. At this juncture, the March 17, 1978 amendment to KRS 403.270 should be noted. The statute now requires that each parent in a custody dispute be given equal consideration. This amendment, which appears to abrogate the tender years presumption, became effective June 17, 1978. However, the amendment is not applicable to the instant appeal because the decree herein was entered March 31, 1978.

large amount of visitors and noise, however, the landlady requested that appellant and her sister move.

Further testimony indicated that appellant had had sexual relations in the same room as the sleeping child, and that she was an untidy housekeeper. It was not shown, however, that this sexual relationship in any way affected the child. Evidence was also introduced showing that the child had contracted a rash, but that appellant had sought medical treatment.

Appellant testified that appellee drank excessively and paid little attention to the child during the parties' marriage. However, it appears that appellee regularly visited the child after the parties' separation and paid for some of his medical expenses. Appellee was twenty-two years old and employed by his father when the decree was entered, although it appears that he was periodically unemployed over the years. Appellee lives with his parents and apparently has done so since the parties' separation.

Since both parties reside with their parents, the choice to be made is naturally influenced by the nature of such arrangement. The major difference between the two appears to be one of affluence, although appellant's current inability to find work is also an important factor. While *Killen v. Parker, supra,* indicates that affluence alone is not sufficient as a basis for a decision, that case involved nondivorced parents who could provide more than minimal standards of care for their child. In any event,

> [t]hough every effort must be made to exclude or offset the element of economic disadvantage, it cannot be completely ignored if the ultimate objective is the welfare of the child. Regrettably, it is a fact of life and there is no honest way to deny its relevance. *Calhoun v. Calhoun, supra,* at 723.

Coupling the appellant's immaturity and unemployment with the crowded living conditions at her home, it appears that all things are not equal between the parties as affects the relationship with the child.

 Although appellant complains of the trial judge's failure to make a finding of fact as to her fitness, *Hamilton v. Hamilton, supra,* does not require the judge to do so. In any event, appellant did not request such a finding below, so CR 52.04 prohibits reversal or remand on this ground.

 Custody questions are among the most difficult issues to resolve. In this case, we cannot say that the findings of the trial court are clearly erroneous. CR 54.01. Where the evidence presents no more than a doubt as to the propriety of the ruling below, we are bound to abide by it. *Perkins v. Perkins, supra; Eviston v. Eviston,* Ky., 507 S.W.2d 153 (1974). Should the relevant facts change, of course, appellant may seek modification under KRS 403.340.

For the reasons stated herein, the judgment of the trial court is affirmed.

All concur.