Portia Elizabeth DAVIS, Appellant,

v.

Kenneth Dale DAVIS, Appellee.

Court of Appeals of Kentucky.

Aug. 21, 1981.

---

Michael A. Richardson, Hopkinsville, for appellant.

Carol W. Johnson, Hopkinsville, for appellee.

Before HOGGE, HOWARD and McDONALD, JJ.

HOWARD, Judge.

This is a child custody case in which appellant asserts that the Christian Circuit Court lacked jurisdiction to enter a final decree granting custody of the minor child to appellee.

Portia, the appellant, married Kenneth, the appellee, in San Antonio, Texas, in September of 1973. The child we are concerned with was then three months old and is not the natural daughter of Kenneth. Kenneth adopted the child. They moved to Clarksville, Tennessee, right after the marriage. Their marital problems began when Kenneth quit his job and enrolled at Austin Peay State University. Portia left Kenneth and returned to San Antonio with her daughter where they remained for about a year and a half. Kenneth made only one attempt to visit or communicate with the child during that period and provided no funds for her support.

Portia returned to her husband in early 1977 but the reconciliation lasted but three months. Portia and her daughter again took refuge in San Antonio. The separation lasted approximately one year during which Kenneth neither visited, contacted nor supported his adopted daughter.

Kenneth and Portia reconciled for the last time in the summer of 1978, but separated for the last time in July of 1979. They lived in Hopkinsville, Kentucky. Portia and the child returned to San Antonio. In September of 1979, Portia joined the United States Air Force so that she could gain a marketable skill and support herself and her daughter. She arranged for her sister in Virginia to care for the child during the six weeks of basic training.

The child suffers from a chronic kidney problem for which surgery has been performed twice. Portia's sister called Kenneth while Portia was in basic training to ask for assistance. Kenneth went to Virginia and picked up the child. He filed a Petition for Dissolution of Marriage on October 26, 1979, and on the same date requested and received a temporary order for custody of the child pending the action. The custody order was granted without notice to Portia.

Portia received notice of the suit by Warning Order Attorney and filed a response, stating that she would not be free to take any action in the case until the first of December at the earliest because of the requirements of her military commitment.

The case was submitted by deposition to the Master Commissioner who, on July 11, 1980, recommended that Portia, the child's natural mother, be awarded custody. On July 31, 1980, the circuit court granted custody to Kenneth. The child is now about eight years old. Portia is now stationed in New Mexico.

Appellant's major contention is that the Christian Circuit Court lacked jurisdiction to determine custody. K.R.S. 403.260 governed jurisdiction in a child custody case at the time the action commenced and read as follows:

(1) A court of this state competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(a) This state is the home state of the child at the time of commencement of the proceeding; or

(b) It is in the best interest of the child that a court of this state assume jurisdiction because:

1. The child and his parents, or the child and at least one contestant, have a significant connection with this state; *and*

2. There is available in this state substantial evidence concerning the child's present future care, protection, training, and personal relationships; or

(c) The child is physically present in this state; *and*

1. Has been abandoned; or

2. It is necessary in an emergency to protect him because he has been subjected to or threatened with mistreatment or abuse or is neglected or dependent; or

(d) 1. No other state has jurisdiction under prerequisites substantially in accordance with paragraphs (a), (b), or (c) of subsection (1); or

1. Another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine custody of the child; and

2. It is in the best interest that the court assume jurisdiction.

2. Except under paragraphs (c) and (d) of subsection (1), physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on the court of this state to make a child custody determination.

Between the Commissioner's report and the judgment by the circuit court, an amendment to the statute came into effect. It is now K.R.S. 403.420. Subsection (1)(a) now reads:

This state is the home state of the child at the time of commencement of the proceeding or had been the child's home state within six (6) months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state.

■ It appears to this Court that no matter which statute is applicable, the trial court had jurisdiction in this case. Appellee contends that under the old statute, Kentucky is the child's home state under the rational of *Turley v. Griffin*, Ky., 508 S.W.2d 764 (1974), wherein the Court said:

The interest of the child is served when the forum has optimum access to relevant evidence about the child and the family. There must be maximum rather than minimum contact with the state.

While this may be true, a stronger case can be made for the argument that Kentucky must take jurisdiction for it is obvious that neither Texas, where appellant took the child on the parties' last separation, nor Virginia, where the child was placed during appellant's basic training, have sufficient contact under a statute such as ours to gain jurisdiction. K.R.S. 403.-260(1)(d), now K.R.S. 403.420(1)(d). Under the new version of the jurisdictional statute, subsection (1)(a) is obviously applicable.

■ Appellant next argues that the temporary order of custody was granted improperly. At no time during pendency of the action did appellant object to the order or make a motion to set it aside. Appellant had nine months in which to raise her objections to the order but failed to do so; she cannot do so now. CR 46. The error, if any, is harmless. CR 61.01.

■ Appellant contends that the award of custody to appellee is not in the child's best interest. The trial court has wide discretion in determining custody and, unless discretion is abused, it will not be interfered with. *Wilkey v. Glisson*, Ky., 303 S.W.2d 266 (1957). There was extensive evidence as to the fitness of both appellant and appellee to have custody of the child.

Appellant makes much of the fact that she is the child's natural mother, while appellee is an adoptive father. Appellant points to *Simpson v. Simpson*, Ky., 586 S.W.2d 33 (1979), wherein a step-mother, who had raised the child since he was seventeen months old, and who could not prove

her husband to be an unfit custodian, was denied custody as a matter of law, and other cases involving custody disputes between parents and non-parents as supportive of her claim of custody.

We find those cases inapplicable because of K.R.S. 199.520(2) which provides in part:

Upon entry of the judgment of adoption, from and after the date of filing of the petition, *the child shall be deemed the child of petitioners* and shall be considered *for purposes of inheritance and succession and for all other legal consideration, the natural, legitimate child of the parents adopting it as if born of their bodies.* (Emphasis added).

Under this statute, we are required to treat appellant and appellee equally, that is, to ignore the fact of adoption and make our decision as if appellee were the natural father of appellant's child.

The test for determining custody of a minor child is the best interest of the child, and not the most suitable person to have custody. K.R.S. 403.270(1); *Casale v. Casale*, Ky., 549 S.W.2d 805 (1977). We have here a case in which a small child has been moved repeatedly back and forth across the United States as the parents attempted to work out their differences. Both parents are employed and earning roughly the same amount of money. Both want custody of the child and seem to relate well to the child. We are conscious of the anguish felt by a mother when separated from her child, but cannot feel comfortable with the thought of again uprooting this little girl. From a close reading of the evidence, it appears that the nearly two years she has been living with appellee is the longest time she has lived in one locality in her short life. We feel she deserves the chance to put down some roots as it were. Therefore, we cannot say the trial court's decision is not in her best interests. *Eviston v. Eviston*, Ky., 507 S.W.2d 153 (1974).

Appellant's final point on appeal is that the trial court erred in refusing to award her costs and attorney's fees. She claims that appellee's actions constitute harassment. *Dexter v. Spainhoward*, Ky.App.,

563 S.W.2d 474 (1978). We find this claim to be without merit.

The judgment is therefore affirmed.

All concur.