Danny HOLT, Movant,

v.

Barbara Ann Holt CHENAULT, Respondent.

Supreme Court of Kentucky.

Jan. 22, 1987.

James F. Clay, Sr., Clay & Clay, Danville, for movant.

Edward D. Hays, Danville, for respondent.

## OPINION OF THE COURT

The primary issue in this case is whether a trial judge may consider the issue of race in determining a question of child custody. We declare that he may not, based on the case of *Palmore v. Sidoti,* 466 U.S. 429, 104 S.Ct. 1879, 80 L.Ed.2d 421 (1984).

Movant, Danny Holt, and Respondent, Barbara Chenault, are the parents of Dawn Holt. When the parties divorced in 1978, custody of their infant child was granted to the mother, Barbara. In 1984, following Barbara's remarriage, the movant, Danny, sought a change of custody. Movant's petition for modification was granted by the Boyle Circuit Court. The Court of Appeals reversed and remanded; we granted discretionary review. After careful consideration of the record, we affirm in part, re-

verse in part, and remand for further proceedings consistent with this opinion.

Movant, Respondent, and their daughter, Dawn, are Caucasian. In 1983 Respondent married Harvey Chenault, a black man. When Movant began these proceedings, Barbara was pregnant with a biracial child. Dawn, age 10, testified that she had been taunted by schoolmates when her mother married a black man. Dawn was further taunted about her mother's "black" baby. Dawn complained to her father about her home situation and stated her intent to leave her mother's home.

On March 20, 1984, Dawn left school to go to her father's house instead of taking the bus home to her mother's. Movant filed his petition for change of custody on March 21. He refused to return the child to her mother until such return was necessary to purge a contempt order. On April 4, Dawn was left with her stepfather's mother when her mother went to work. While the older woman slept, Dawn walked to her father's workplace. Movant was granted temporary custody pending the outcome of these proceedings.

A comprehensive hearing was held before the Boyle County Domestic Relations Commissioner. The Commissioner observed and questioned numerous witnesses: the child, her parents, their spouses, other relatives, neighbors, teachers and babysitters. The Commissioner reviewed reports from a social worker and a psychologist. The Commissioner recommended Movant's petition for change of custody be denied and concluded that the petition was based solely on Movant's concerns about race.

The trial court rejected the Commissioner's recommendation and granted the modification. This decision was made without a full review of the transcript of the hearing before the Commissioner.

The trial court's findings of facts provided the basis for the order of modification. These included, among other things, Respondent's interracial marriage and the child's willful reactions to manifestations of racial prejudice, her discontent and intent to run away. Additionally and paradoxically, the trial court specifically found *Respondent* to be a suitable parent. There was no finding that the present custodian was inadequate or unfit. A court shall not modify a prior custody decree unless a change of circumstances necessitates modification to serve the best interests of the child. KRS 403.340(2). Race is not such a change of circumstances.

■ The trial court decision does not comport with Kentucky law and the United States Supreme Court opinion of *Palmore v. Sidoti, supra.*

> It would ignore reality to suggest that racial and ethnic prejudices do not exist or that all manifestations of those prejudices have been eliminated. There is a risk that a child living with a stepparent of a different race may be subject to a variety of pressures and stresses not present if the child were living with parents of the same racial or ethnic origin.

. . . . .

> *Whatever problems racially mixed households may pose for children ... cannot justify ... removing an infant child from the custody of its natural mother found to be an appropriate person to have such custody.*

*Id.* at 433, 434, 104 S.Ct. at 1882 (emphasis added). We hold that the trial court erred by giving effect to private racial biases. That part of the Court of Appeals opinion reversing the modification is affirmed.

■ The Court of Appeals determined that if race was not the reason for granting modification, then the trial court improperly gave controlling weight to the child's wishes. We do not make this distinction. The child's emotional reaction to her mother's marital circumstances may enter into deciding what is in the best interest of the child if it is significant and severe, and, if it does, this is a consideration whatever the cause.

■ The record includes a transcript of an *in camera* interview between the trial court and the child. This was the only one of three or four such interviews to be me-

morialized by transcript or recording. Over the objections of counsel, the transcript was sealed. To the extent the trial court relied on the child's statements, the parties were prejudiced by the inability to challenge or rebut the sealed testimony. We direct the trial court on remand to make the *in camera* testimony available to parents' counsel. We further direct the trial court to review the record in full, including the transcript of proceedings before the domestic relations commissioner, and to make new findings of fact which do not reflect racial concerns. *Palmore v. Sidoti, supra.* Insofar as the Court of Appeals decision is inconsistent with these directions, that opinion is reversed.

A prior custody decree may not be modified absent a finding of changed circumstances that necessitate the modification. The impact of the mother's subsequent biracial marriage is an inappropriate basis for modification. We affirm the decision of the Court of Appeals which reversed the trial court modification of custody, reverse in part, and remand for further proceedings.

All concur.