Julie A. COUCH, (Now
Riggs) Appellant,

v.

David Michael COUCH, Appellee.

No. 2003–SC–0839–DG.

Supreme Court of Kentucky.

Oct. 21, 2004.

Dawn Lonneman Blair, Phyllis K. Lonneman, Lonneman & Associates, PS, Elizabethtown, Counsel for Appellant.

Harry D. Callicotte, Radcliffe, Counsel for Appellee.

Opinion of the Court by Justice GRAVES.

Appellant, Julie Couch (now Riggs), and Appellee, David Michael Couch, were divorced in 1992 by a decree of dissolution entered in the Hardin Circuit Court. The decree incorporated the parties' separation agreement wherein they agreed to joint custody of their son, Andrew David Couch born December 27, 1988, but that Appellant would have physical custody and control of the child.

Appellee remarried and moved to Alabama in 1997. In 2002, he filed a motion in the Hardin Circuit Court to modify custody, requesting that the previous joint custody arrangement be changed to designate Appellee as the primary custodial parent. Appellee attached two affidavits alleging that it was in Andrew's best interest to live with his father. After Appellant filed five counter affidavits rebutting Appellee's allegations, the trial court ruled there was sufficient evidence to grant a modification hearing.

Following an August 2002 hearing, the Domestic Relations Commissioner issued a twelve-page report finding that it was in Andrew's best interest to award primary physical custody to Appellee. Appellant thereafter filed exceptions to the Commissioner's report, as well as filed a motion with the trial court to refer the matter back to the Commissioner for additional testimony from Andrew. Appellant's motion was supported by an affidavit signed by Andrew, wherein he stated that he was not completely honest with the Commissioner during the first interview, that he did not understand some of the Commissioner's questions, and that promises had been made by Appellee in return for Andrew's testimony.

The trial court referred the case back to the Commissioner who conducted an *in camera* taped interview with Andrew on January 28, 2003. The Commissioner thereafter entered her report on February 4, 2003, recommending approval of her prior custody determination. Although the Commissioner relied heavily on the *in camera* interview, she sealed the tape, thus depriving the parties access to the testimony.[1]

Appellant again filed exceptions to the report and moved the trial court to unseal the interview so that she could review it for the purposes of "rebuttal and appeal." The trial court denied Appellant's motion and adopted the Commissioner's recommendation transferring physical custody to Appellee. The trial court subsequently sealed an additional interview with Andrew that took place some months later in response to Appellant's motion to stay the change of custody.

Appellant appealed the trial court's decision changing custody, and also filed motions to unseal the record and to stay the change in custody pending the outcome of the appeal. The Court of Appeals denied both motions. Concerning the sealed rec-

---

1. There is nothing in the record indicating when or why the interview was sealed. Appellant notes that it was only when a copy of the taped interview was requested did counsel discover such had occurred.

ord, the court stated, "[T]he Court denies appellant's additional request for an order releasing a taped interview of the child since appellant has not advanced any sufficient basis for this Court to interfere with the trial court's exercise of its discretion in ordering the tapes to be sealed." The Court of Appeals abated Appellant's appeal on the merits of the custody modification pending discretionary review by this Court.

■ The only issue currently before us relates to the propriety of the sealed interviews and whether the trial court erred in denying Appellant access to the taped interviews with Andrew, particularly in light of the fact that the Commissioner's recommendation of a change in custody was based primarily on Andrew's wishes. Appellant argues that sealing the interviews substantially prejudiced her rights as it impeded her ability to rebut any testimony by Andrew or to utilize any such evidence on appeal. We agree.

■ KRS 403.290(1) authorizes a trial court to "interview the child in chambers to ascertain the child's wishes as to his custodian and as to visitation." While it is within the trial court's discretion as to whether counsel is present during the interview, the statute clearly provides that "[t]he court shall cause a record of the interview to be made and to be part of the record in the case."

In *Holt v. Chenault*, Ky., 722 S.W.2d 897 (1987), the trial court granted a motion to modify a prior custody decree based primarily upon the wishes of the minor child expressed during a sealed *in camera* interview. In remanding the case for further proceedings, this Court unanimously held:

> The record includes a transcript of an *in camera* interview between the trial court and the child. This was the only one of three or four such interviews to be memorialized by transcript or recording. Over the objections by counsel, the transcript was sealed. To the extent the trial court relied on the child's statements, the parties were prejudiced by the inability to challenge or rebut the sealed testimony. We direct the trial court on remand to make the *in camera* testimony available to parents' counsel.

*Id.* at 898–899. *See also Schwartz v. Schwartz,* Ky., 382 S.W.2d 851 (1964).

■ We are cognizant of the fact that in many instances it may be helpful for the trial court to privately interview the child whose welfare is so vitally affected by the trial court's decision in an attempt to protect him or her from the pain of openly choosing sides. Nevertheless, it is the parties' constitutional right to hear all of the evidence offered in the case. In an action concerning custody or visitation, any procedure whereby the trial court prohibits disclosure of the transcript of a child's interview to the parties raises significant due process questions. The parties are entitled to know what evidence is used or relied upon by the trial court, and have the right generally to present rebutting evidence or to cross-examine, unless such right is waived. If a trial court accepts and acts upon statements made by the child during the *in camera* interview, it is manifestly unfair not to record and disclose the contents of the interview in order to provide an opportunity for rebuttal. *See generally* S. Bernstein, Annotation, Propriety of Court Conducting Private Interview With Child in Determining Custody, 99 A.L.R.2d 954 (1965).

■ In striking the appropriate balance between the interests of children and the procedural rights of parents, we hold that while it is certainly within the discretion of the trial court to conduct an *in camera* interview in the absence of the parties and counsel, a record of such interview must be made so that the parties are afforded the subsequent opportunity to determine and contradict the accuracy of statements and

facts given during the interview. In this case, Appellant was not afforded such opportunity and, as a result, was substantially prejudiced by her inability to rebut Andrew's statements before the trial court, as well as to proceed on appeal.

As such, we reverse the decision of the Court of Appeals and order that the taped interviews before the Domestic Relations Commissioner be unsealed. This case is remanded to the Court of Appeals for further consideration of the merits of Appellant's appeal in accordance with this opinion.

All concur.