RENDERED: APRIL 30, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0256-MR

CANDIDA DAWN YOUNG                                        APPELLANT

APPEAL FROM BOYD CIRCUIT COURT
v.        HONORABLE GEORGE W. DAVIS, III, JUDGE
ACTION NO. 19-CI-00639

DUSTIN RYAN                                               APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; DIXON AND MAZE, JUDGES.

MAZE, JUDGE: Candida Dawn Young (Young) appeals from an order of the

Boyd Circuit Court denying her motion to modify a custody order designating

Dustin Ryan (Ryan) as the primary residential custodian of their four minor

children. She argues that the domestic relations commissioner (DRC) and the trial

court abused their discretion by declining to interview the children and by failing

to require witness and exhibit disclosures prior to the hearing. Given our limited standard of review, we find no indication that the DRC's or trial court's decisions in this matter resulted in manifest injustice. Hence, we affirm.

The record reflects the following procedural history of this action. Ryan and Young were married in 1997 and separated in 2012. Six children were born of the marriage; in 1998, 1999, 2002, 2005, 2009, and 2011, respectively. On January 23, 2013, Young filed a petition for dissolution of the marriage in the Carter Family Court. Both parties sought custody of the children.

The family court entered a decree dissolving the marriage on October 2, 2013. Among other things, the court granted the parties joint custody of the children, with Young designated as the primary residential custodian. However, the parties continued to have disputes over child support, custody, and timesharing. In 2014, Ryan filed a motion for a change in custody. On January 8, 2015, the family court granted the motion and designated Ryan as the children's primary residential custodian. The family court also directed that the children were to have no contact with Young's boyfriend.

However, the parties' disputes continued. Young filed a motion seeking full custody of the children in August 2015. Due to a pending investigation by the Cabinet for Health and Family Services (the Cabinet), the

family court denied Young's motion. The record does not reflect any further action on the allegations surrounding that motion.

In July 2019, Young filed a motion to transfer the case to Boyd Circuit Court because the parties and the minor children no longer resided in Carter County. The family court granted the motion on August 9, 2019. Thereafter, Young filed a motion seeking emergency custody of the four children who were still minors.[1] The court referred the matter to a DRC, who conducted a hearing on November 14, 2019.

Thereafter, the DRC issued a report and recommendation on the motion. The DRC noted that the Cabinet was conducting an ongoing investigation of dependency or neglect of the children while in Ryan's care. But based on the testimony of the social workers, the DRC found that those concerns had been addressed, and the matter was no longer an emergency. However, the DRC noted that additional concerns were raised that Young was attempting to coach the children to say they wanted to live with her. The DRC also pointed to testimony that Young allowed the children to have contact with her boyfriend despite the prior order of the family court. Based upon these findings, the DRC recommended that Young's motion to change custody be denied. In addition, the DRC

---

[1] Two of the children reached the age of majority prior to Young's filing of the motion. One other child reached the age of majority after the notice of appeal was filed in this case.

recommended that the court continue the previously imposed restriction that the children have no contact with Young's boyfriend.

Young filed an objection to the DRC's report, which the trial court overruled on January 6, 2020. Thereafter, on January 17, 2020, the trial court adopted the DRC's report and recommendation. Young now appeals from this order.

As an initial matter, we note that CR[2] 76.12(4)(c)(v) requires that the Appellant's brief shall contain "at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner." The Appellant's statement of the case must also include "ample references to the specific pages of the record, or tape and digital counter number in the case of untranscribed videotape or audiotape recordings[.]" CR 76.12(4)(c)(iv). "Compliance with this rule permits a meaningful and efficient review by directing the reviewing court to . . . where in the record the preceding court had an opportunity to correct its own error before the reviewing court considers the error itself." *Hallis v. Hallis*, 328 S.W.3d 694, 696-97 (Ky. App. 2010).

In this case, Young's brief fails to include any preservation statement or citations to the record. In addition, Young failed to attach a copy of the order

[2] Kentucky Rules of Civil Procedure.

under review, as required by CR 76.12(4)(c)(vii).  On the other hand, we must also note that Ryan did not file a responsive brief in this appeal.  "Our options when an appellate advocate fails to abide by the rules are:  (1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions, CR 76.12(8)(a); or (3) to review the issues raised in the brief for manifest injustice only[.]"  *Hallis*, 328 S.W.3d at 696.  *See also Briggs v. Kreutztrager*, 433 S.W.3d 355, 361 (Ky. App. 2014).  However, these sanctions are not appropriate in appeals involving child custody or support.  *See Galloway v. Pruitt*, 469 S.W.2d 556, 557 (Ky. 1971).  Given that neither party has complied with the appellate rules, we will review the trial court's order only for manifest injustice.

Young primarily argues that the DRC and the trial court abused their discretion by declining to interview the minor children regarding their custody preference.  But while KRS[3] 403.290(1) allows a court to interview the child in chambers to ascertain the child's wishes as to his custodian and as to visitation, the decision to interview a child is completely discretionary and within the province of the trial court.  *Brown v. Brown*, 510 S.W.2d 14, 16 (Ky. 1974).

Here, Young only alleges that the DRC should have interviewed the children themselves, rather than relying on the observations and testimony of their therapist.  But as discussed above, the DRC was concerned about evidence that

---

[3] Kentucky Revised Statutes.

Young attempted to influence and coach the children's testimony. In the absence of any showing that this finding was clearly erroneous, we find no manifest injustice.

Young further argues that the DRC failed to enforce FCRPP[4] 7(1), regarding the timely disclosure of witnesses and exhibits prior to a custody hearing. However, Young concedes that she did not object to the lack of witness and exhibit disclosures prior to the hearing or in her objections to the DRC's report. In general, a party who desires to object to a report must do so as provided in CR 53.05(2) or be precluded from questioning on appeal the action of the circuit court in confirming the commissioner's report. *Eiland v. Ferrell*, 937 S.W.2d 713, 716 (Ky. 1997).

Young also concedes that she did not provide any witness or exhibit disclosure prior to the hearing. Finally, Young does not identify any specific prejudice from the DRC's failure to require the witness disclosures. Therefore, to the extent that the FCRPP are applicable to custody proceedings conducted outside of a family court,[5] we find that the failure to comply with FCRPP 7(1) did not result in manifest injustice.

---

[4] Kentucky Family Court Rules of Procedure and Practice.

[5] The family court rules are intended to "supplement the statutes, rules and procedures governing Family Law cases with rules and procedures[.]" FCRPP 1(1). While the rules are specifically written for counties which have adopted a Family Court, they apply in "the procedure and practice in all family law actions including . . . custody and child support[.]" FCRPP 1(3). This

Accordingly, we affirm the order of the Boyd Circuit Court.

ALL CONCUR.


BRIEF FOR APPELLANT:                    NO BRIEF FILED FOR APPELLEE

John Preston Thompson
Grayson, Kentucky

---

would suggest that the procedural rules are applicable regardless of a county's adoption of a family court, but no court has expressly so held.  We need not reach this issue, however, due to Young's failure to preserve the matter for review.